In re Mark Stephens EVANS, Kathy Lynn Evans, aka Kathy Lynn Oxford, Debtors.

ANAHEIM SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

Mark Stephen EVANS and others, Defendants.

In re Andrew Joseph JACKSON and Marie Jackson, Debtors.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Andrew Joseph JACKSON and others, Defendants.

BAP Nos. SC–82–1308–AsGE, SC–82–1307–AsGE BK Nos. 82–00908 M;  82–00718 K. Adv. Nos. C–82–0843 M–13, C82–0844 K–13.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Feb. 16, 1983.

Decided May 6, 1983.

Robert C. Harvey, Ronald Rus, Alvarado, Rus & McClellan, Orange, Cal., for appellant.

Neil G. Strachan, Strachan & Clements, San Diego, Cal., Thomas M. Lockhart, El Cajon, Cal., for appellee.

Before ASHLAND, GEORGE and ELLIOTT, Bankruptcy Judges.

OPINION

ASHLAND, Bankruptcy Judge:

Anaheim Savings & Loan (Anaheim) and Federal National Mortgage Association (FNMA) appeal from denial of their requests for relief from the stay imposed by 11 U.S.C. § 362.

The issue before the panel is whether the effect of confirmation of a Chapter 13 plan under 11 USC § 1327 bars a secured creditor from seeking relief from the stay of § 362 absent a post-confirmation default in carrying out the plan. We hold that it does and affirm.

*BACKGROUND:*

Andrew and Marie Jackson filed their joint Chapter 13 petition on February 23, 1982. FNMA holds a note secured by a first deed of trust on the debtors' home and filed a proof of claim in the amount of $31,583.15 on April 1, 1982. On May 10, 1982 FNMA filed a complaint for relief from the stay under § 362(d)(2) alleging that the debtors had no equity in their home but did not oppose confirmation of the plan. On May 17, 1982 the debtors' Chapter 13 plan was confirmed. The plan provides for payment on all arrearages on the FNMA note. Current payments are to be paid to FNMA outside the plan. The debtors are current on all payments as provided in the plan.

Mark and Kathy Evans filed their joint Chapter 13 petition on March 5, 1982. Anaheim, as holder of a note secured by a first deed of trust on the Evans' home, filed a proof of claim in the amount of $55,782.03 on April 1, 1982. Anaheim did not object to the debtors' plan. The debtors' Chapter 13 plan was confirmed on April 6, 1982. The plan provides for payment of all arrearages on the debt to Anaheim. Those payments are current. On May 10, 1982 Anaheim filed a complaint for relief from the stay pursuant to § 362(d)(2), alleging no equity on the part of the debtors in their home.

At preliminary hearings on the complaints for relief from the stay, the bankruptcy judge denied any relief on the ground that § 1327 controlled and bound the creditors to the terms of the plan. He did not reach the issue of lack of equity under § 362(d)(2). *See, In re Evans,* 22 B.R. 980 (Bkrtcy.S.D.CA 1982).

Both cases were heard by the bankruptcy judge at the same time and involved identical issues of law. They are consolidated here.

*ANALYSIS*

Section 362(d)(2) provides creditors grounds for relief from the stay of § 362 if the debtor has no equity in the secured property and the property is not necessary to the effective reorganization of the debtor. No time limit is specified by which creditors must file their complaints.

Section 1327 binds all creditors, whether or not mentioned in the plan, to the terms of a confirmed Chapter 13 plan. Appellants contend that irrespective of the confirmed plans and § 1327, they are entitled to relief from the automatic stay provisions of § 362.

Throughout the appellants' briefs there is a recurring theme: relief from the stay must be granted when debtors have no equity in their property. Because of our view that § 1327 controls in this case, a decision as to the applicability of § 362(d)(2) to a Chapter 13 need not be made.

Section 1327 is clear. The provisions of a confirmed plan bind each creditor whether or not such creditor has objected to, has accepted, or has rejected the plan. The plans in the present cases provided for the curing of defaults and for the maintenance of payments to the appellants throughout the life of the plan. An order confirming a Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing. *See, In re Lewis,* 8 B.R. 132, 137 (Bkrtcy.D.Idaho 1981). Section 1327 precludes a creditor from asserting, after confirmation, any other interest·than that provided for it in the confirmed plan. The issues of adequate protection, lack of equity, and necessity for a successful rehabilitation of the Chapter 13 debtor were all res judicata as of the confirmation of the plan. *Matter of Willey,* 24 B.R. 369 (Bkrtcy.E.D. Mich.S.D.1982).

Other cases have discussed the binding effect of § 1327 upon confirmation of a Chapter 13 plan. *In re Flick,* 14 B.R. 912 (Bkrtcy.E.D.Pa.1981) [creditor bound by terms of confirmed plan whether or not he has objected to it]; *In re Moore,* 13 B.R. 914

(Bkrtcy.D.Or.1981) [all issues of adequate protection, lack of equity, and necessity of the property to an effective reorganization of debtor's affairs could and should be raised at the confirmation hearing]; *Matter of Hackney,* 20 B.R. 158 (Bkrtcy.D.Idaho 1982) [creditor bound by terms of plan once confirmed].

We see no reason to diverge from this line of cases. Nor have appellants advanced any compelling reason to do so. Section 1327 is clear and means what it says. It applies to each creditor, including those holding notes secured by deeds of trust on the debtor's principal place of residence. There is no foundation for appellants' argument that § 1327 is somehow not applicable to them. In each case cited by appellants to support the proposition that creditors were entitled to relief from the automatic stay because of § 362(d)(2), there were no confirmed Chapter 13 plans. Had there been, we believe that the results in those cases would have been different.

The judgment of the bankruptcy court is affirmed.