In re Wayne Eugene SNIDER, Rhonda Sue Snider, Debtors.

In re Carlos E. SNIDER, Wanda M. Snider, Debtors.

Bankruptcy Nos. 2–82–01874, 2–82–02886.
Adv. Nos. 299–56–8447, 300–28–4548 and 271–30–4546.

United States Bankruptcy Court, S.D. Ohio, E.D.

July 8, 1985.

Joe Winner, Columbus, Ohio, for John Deere.

John Shubitowski, Columbus, Ohio, for Cambridge Production Credit.

Robert H. Farber, Jr., Columbus, Ohio, for debtors.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER DENYING MOTION
## TO DISMISS

G.L. PETTIGREW, Bankruptcy Judge.

The moving creditors present the issue of whether debtors' failure to perform according to the creditors' PERCEPTION of the debtors' duty or according to a private agreement with the debtors is enforceable in a confirmed Chapter 13 Plan.

The Court record prior to confirmation did not include the private correspondence between debtors and counsel for the moving creditors. The duty allegedly violated is not a part of the Chapter 13 Plan, a stipulation filed with the Court, or the confirmation order entered in this case. Chapter 13 cases cannot be administered based on a creditor's PERCEPTION of the debtor's duties under the plan, unilaterally implied terms of the plan, private agreements (not stipulations made part of the court record) or correspondence. To make these enforceable as a ground for dismissal would make a nullity of the Court's records, its orders and the concept of performance of a Chapter 13 plan. In the average case where 25–30 creditors are involved, each creditor may have a different perception and/or understanding of the debtor's duties in the case. Those perceptions, understanding and private agreements would make mayhem of the Chapter 13 case administration process. The parties are bound to the plan by the order of confirmation. *See: In re Evans; Anaheim Savings and Loan v. Evans,* 30 B.R. 530 (B.A.P. 9th Cir.1983).

This matter came on for hearing on the joint application for dismissal or for relief from stay filed on behalf of John Deere and P.C.A. The creditors seek to have these confirmed Chapter 13 cases dismissed on the basis of a "material default" in the performance of the Plans. The record in these cases indicates that in May of 1982 these cases were filed and confirmed in February of 1983. The Plans provided for $200.00 monthly payments and lump sum payments of $46,500.00, $51,500.00 and $56,500.00 in annual installments. The record establishes that at the time of the hearing, the debtors had contributed $101,000.00 to creditors in addition to the regular $200.00 monthly payments. Further, the record in these cases establishes that the debtors as farm debtors were opposed and faced litigation on every issue relating to confirmation of a Chapter 13 case. The opposition of P.C.A. was focused on feasibility, good faith and best interest test. P.C.A. also pursued litigation on the market rate of interest it would receive as a rejecting secured creditor as provided by *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427 (6th Cir.1982), which was decided during the protracted litigation over confirmation.

The essence of the question presented by these creditors is whether dismissal of this case is in the best interest of creditors because the debtors have not made payments on specific payment dates as the creditors perceived those payments would be made. In addition, the creditors contend that at the meeting of creditors held on July 20, 1982, counsel for the debtors stated that the annual payments would be made on January 15th of each year. No such provision was included in the Plan, its many amendments or the order of confirmation. Further, the attorney for the debtors states that those representations were made based on his expectation that these Plans would be confirmed in a period of three to four months and in no way anticipated the lengthy persistent and aggressive litigation directed at the debtors in these proceedings. On the creditors' contention that the debtors have engaged in a material default in the Plan, the Court finds no such default and DENIES the

motion to dismiss and DENIES the motion for relief from stay or adequate protection on the basis that the debtors are performing the Plans as confirmed and the creditors are not entitled to adequate protection since the performance of the Plans is the adequate protection to which these creditors are entitled.

IT IS SO ORDERED.

Thomas J. Kenan, Oklahoma City, Okl., Trustee.

Melanie Parks Kierig, Oklahoma City, Okl., for Oklahoma Tax Comn.

Scott Sublett of Edwards, Roberts & Propester, Oklahoma City, Okl., for FDIC.

William L. Peterson, Oklahoma City, Okl., for Committee of Royalty Owner Creditors.