**In re Clifford and Christie BISCH, Debtors.**

**Clifford and Christie BISCH, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**BAP No. WW–92–2066–RAsB.**

**Bankruptcy No. 91–05148.**

United States Bankruptcy Appellate Panel Ninth Circuit.

Argued and Submitted July 23, 1993.

Decided Oct. 13, 1993.

---

John S. Woodburne, Bellevue, WA, for appellants.

W. Carl Hankla, Washington, DC, for appellee.

Before: RUSSELL, ASHLAND, and BOWIE[1], Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The Internal Revenue Service filed a proof of claim in the debtors' bankruptcy, listing the tax liability as unsecured. After confirmation of the debtors' Chapter 13 plan, it was discovered that a federal tax lien existed on the debtors' property. The bankruptcy court denied the debtors' motion to avoid the lien. WE AFFIRM.

## I. FACTS

The facts are not in dispute. The Debtors/Appellants, Clifford and Christie Bisch (the "Debtors") filed a Chapter 13[2] case on July 12, 1991, with the stated intention of orderly paying approximately $80–90,000 owed to the Internal Revenue Service. The claims bar date was December 2, 1991. The Internal Revenue Service (hereinafter the "IRS") filed a timely proof of claim on November 27, 1991, showing a secured claim in the amount of $7,397.52 (the first NFTL[3]), an unsecured priority claim of $78,077.14, an unsecured general claim of $12,743.58, representing prepetition penalties, and an estimated income tax deficiency, based on an audit, in the amount of $10,000. The proof of claim included unsecured priority claims for taxes and interest for withholding for the second and third quarters of 1990, but failed to disclose that

---

**1.** The Honorable Peter W. Bowie, Bankruptcy Judge for the Southern District of California, sitting by designation.

**2.** Unless otherwise indicated, all chapter, section, and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

**3.** "Notice of Federal Tax Lien."

those taxes were secured by a second NFTL.

At the time the claim was filed, the IRS notified the Debtors that their 1988 personal income taxes had been applied to other priority taxes. The audit results, however, were favorable to the Debtors. Instead of a $10,000 deficiency, there was an overpayment sufficient to satisfy the 1989 income taxes listed in the first NFTL, and to partially pay the 1990 taxes.

Counsel for the Debtors wrote to the IRS, Special Procedures Division, to verify that the first NFTL had, in fact, been paid in full through the application of the 1988 refund. A response was received from the IRS verifying that the first NFTL had been paid in full, and that they were no longer pursuing the estimated amount of $10,000. The first NFTL was the only portion of the IRS proof of claim listed as secured. The revised IRS claim totalled $91,109.75. No secured claim was asserted by the IRS.

In February, 1992, the Debtors reached a tentative agreement for the sale of the business to its employees. In addition, the Debtors intended to sell their house. On February 14, 1992, all creditors were sent notice of the Debtors' intent to sell their house and their business.[4] The notice contained the Debtors' motion for authorization to retain the equity from the sale of the house in order to pay the capital gains tax generated by that sale.

A hearing on that motion was held on March 23, 1992, and an order was entered authorizing the Debtors to retain the proceeds from the sale in order to pay the capital gains tax. There were no objections to the motion nor to the entry of the order.

The Debtors' plan treated the entire amount of the IRS claim as unsecured. The plan provided for payment in full of priority taxes, but provided for no payment of penalties. The IRS did not object to the confirmation of the plan, and the plan was confirmed on April 8, 1992.

In early April, the Debtors found a potential purchaser for their home. The attorney handling the sale indicated to the Debtors that a tax lien was shown on the title report. The Debtors assumed it was the tax lien reflected on the IRS proof of claim, and they continued under that impression until approximately May 12, 1992, when they were called in to sign the final documents. At that time, they discovered that the lien referred to by the attorney was actually the second NFTL filed on April 19, 1991. That lien applied to the federal payroll taxes for 1990 which were included in the IRS' proof of claim as an unsecured priority claim. The total amount claimed on this lien was $52,671.33.

The Debtors moved to avoid the IRS lien, as an improper amendment to its proof of claim. The bankruptcy court held that the IRS was entitled to assert its lien rights based upon that April 19, 1991 lien, and it ordered the Chapter 13 Trustee to pay the IRS the $13,779.52 net proceeds from the sale of the home. The Debtors appeal.

## II. ISSUE

Whether a federal tax lien, which was not listed as secured in an otherwise timely filed proof of claim, and not provided for in a Chapter 13 plan, remains valid despite confirmation of the plan.

## III. STANDARD OF REVIEW

■ The facts are not in dispute. The bankruptcy court's conclusions of law are reviewed *de novo*. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986); *In re Junes*, 99 B.R. 978, 979 (9th Cir. BAP 1989); *In re Bronner*, 135 B.R. 645, 647 (9th Cir. BAP 1992); *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir.1985).

## IV. DISCUSSION

The IRS' assertion of a right to the net proceeds from the sale of the Debtors' house is based on a tax lien that was not reflected in its proof of claim. The Debt-

---

**4.** The IRS asserts that they did not receive notice of that motion. (Statement by Mr. Ottavelli, of the Special Procedures Division of the IRS)

However, the Debtors maintain that notices were sent to all creditors.

ors argue that the lien is an impermissible amendment to their proof of claim, after the claims bar date and after confirmation of the plan. Further, the Debtors allege that they relied to their detriment on the IRS' proof of claim and other statements which misled them to believe that the IRS had no secured tax claim, and that the IRS should therefore be equitably denied the benefit of their lien. We disagree.

### A. *A secured creditor may rely on its lien and need not file a proof of claim.*

■ This case does not involve an amendment to a claim, rather the issue concerns a recorded lien on real property for which a proof of claim need not even be filed. The lien at issue here is evidenced by the second NFTL, securing a claim for unemployment taxes of $52,671.33. There is no requirement in the Code or Rules for the IRS to file a proof of claim for a secured tax lien. The IRS did not waive its secured status by failing to file a proof of claim.

■ Once a federal tax lien attaches to property, the property itself becomes liable for the debt. *In re Isom,* 901 F.2d 744, 745–46 (9th Cir.1990). The IRS may rely on its lien for the satisfaction of its debt despite the bankruptcy. *In re Junes,* 99 B.R. 978, 980 (9th Cir. BAP 1989). Therefore, there is no need to "amend" a proof of claim to indicate secured status since the complete absence of a proof of claim does not affect the validity of the lien.

■ Failure to file a secured proof of claim in a bankruptcy case might mean that the lienholder will not receive a distribution from the estate. This may mean forfeiting any right to a deficiency, but it does not waive the lien. "The [debtor's personal] liability may be discharged in bankruptcy ... [but] the tax lien remains in force. Thus the ... liability [on the debtor's] property remains enforceable ..." *Id.* at 981 (citing *In re Isom,* 95 B.R. 148, 151 (9th Cir. BAP 1988), *aff'd,* 901 F.2d 744 (9th Cir.1990)). "The discharge of [the debtor's] personal liability ... to [the IRS] does not effect [sic] the right of the

[IRS] to enforce its lien against the debtor's real ... property...." *Junes,* at 981 (quoting *In re Work,* 58 B.R. 868, 873 (Bankr.D.Or.1986)); *Johnson v. Home State Bank,* 501 U.S. ——, ——, 111 S.Ct. 2150, 2151, 115 L.Ed.2d 66 (1991) ("Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem* ").

Similarly, a late filed proof of claim does not affect the validity of a lien. *In re Tarnow,* 749 F.2d 464, 465–66 (7th Cir. 1984); *Junes,* 99 B.R. at 980.

We hold that the IRS' failure to list the tax liability as secured in its proof of claim does not affect the validity of the federal tax lien.

### B. *Failure to provide for the IRS lien in a confirmed Chapter 13 does not extinguish the lien.*

■ This Panel has previously held that where a debtor failed to provide for an IRS tax lien in a Chapter 13 plan, the tax lien survives the bankruptcy process unaffected. *In re Junes,* 99 B.R. 978, 980 (9th Cir. BAP 1989). The *Junes* decision squarely addresses the facts of the case before us. In *Junes,* this Panel maintained the validity of an IRS lien when the debtor both failed to schedule the IRS as a secured creditor, and failed to provide for payment of the claim in the Chapter 13 plan. *Id.* at 978. "The debtors' failure to provide for the IRS's tax lien in the Chapter 13 plan ... allows the IRS's tax lien to survive the bankruptcy process." *Id.* at 980. "[A] Chapter 13 debtor with a confirmed plan cannot force the cancellation of liens." *Id.* (quoting *In re Hebert,* 61 B.R. 44, 47 (Bankr.W.D.La.1986)). *See also In re Thomas,* 883 F.2d 991, 998 (11th Cir.1989), *cert. denied,* 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990) (confirmation of plan cannot extinguish lien for which no proof of claim is filed); *In re Work,* 58 B.R. 868, 873 (Bankr.D.Or.1986) (holding that a real property tax lien was not extinguished by the county's failure to file a

proof of claim or by confirmation of a Chapter 13 plan which treated the claim as unsecured).

The *Junes* decision follows Circuit decisions holding that a lien remains valid despite failure to file a proof of claim and failure to provide treatment in a confirmed plan of reorganization. *In re Tarnow*, 749 F.2d 464 (7th Cir.1984); *In re Simmons*, 765 F.2d 547, 556 (5th Cir.1985).

The Seventh Circuit in *Tarnow* held that even if a secured creditor fails to file a timely proof of claim, the secured creditor's lien survives the bankruptcy unaffected. 749 F.2d at 464.

Similarly, the Fifth Circuit in *Simmons* stated that "there appears to be no sound reason for lifting liens by operation of law at confirmation under Chapter 13." 765 F.2d at 555 (quoting 5 *Collier on Bankruptcy*, ¶ 1327.01, at 1327–5).

These cases are consistent with the basic concept of bankruptcy law that a lien passes through bankruptcy unaffected. *See Dewsnup v. Timm*, —— U.S. ——, ——, 112 S.Ct. 773, 775, 116 L.Ed.2d 903 (1992); *Johnson v. Home State Bank*, 501 U.S. ——, ——, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 357 (1977); reprinted in 1978 U.S.C.C.A.N. 5787, 6313 (legislative history interpreting § 506(d)). "It is clear under the Code that any statutory lien that is valid under state law remains valid through the bankruptcy unless invalidated by some provision of the Code." *Junes*, 99 B.R. at 980 (quoting *In re Simmons*, 765 F.2d at 556. *See also In re Thomas*, 883 F.2d 991 (11th Cir.1989), *cert. denied*, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990)). Thus, there is no duty on the part of the secured party to object to the confirmation of the plan, and failure to do so does not somehow constitute a waiver of the party's secured claim.

The cases cited by the Debtors [5] concerning the *res judicata* effect of confirmed plans are clearly distinguishable since they do not involve a secured claim.

*In re Evans*, 30 B.R. 530 (9th Cir. BAP 1983), provides no help to the Debtors. In *Evans*, the secured creditor sought relief from the automatic stay in order to foreclose on its collateral. The creditor did not prevail on its motion. However, most importantly, there was no lien invalidation. *Id.* at 532.

We hold that the Debtors' failure to treat the IRS' lien in their Chapter 13 plan does not affect the lien's validity. Further, we need not resort to equitable principles in resolving this question. We decline to invoke equitable powers in the face of well-settled law. Although it is true that the Debtors may have had raised hopes from the IRS' failure to list its secured status, nonetheless, we are not persuaded that the Debtors are entitled to avoid the lien on some undefined equitable grounds. The Debtors were aware of the existence of the second NFTL, as was the IRS. Both had to be reminded of its existence. Although they had formed the belief, from the IRS' correspondence, that no further secured taxes existed, the Debtors were again made aware of the existence of the lien by their real estate attorney, upon examination of the title report. Their disappointment is indeed understandable, but it is not a basis for lien avoidance under the Bankruptcy Code.

## V. CONCLUSION

Failure to list the IRS tax claim as one that is secured in a proof of claim did not affect the validity of the IRS lien, nor did the failure to address the IRS lien in a confirmed Chapter 13 plan affect the lien's validity. Consequently, the bankruptcy court did not err in denying the Debtors' motion to avoid the IRS tax lien. We AFFIRM.

BOWIE, Bankruptcy Judge, concurring:

I concur in the result reached by the majority opinion, and disagree only with the statements of the issue and the conclusion. Normally, that disagreement would not warrant a separate opinion, but the

---

**5.** *In re Fietz*, 852 F.2d 455 (9th Cir.1988); *In re*

*Garner*, 113 B.R. 352 (Bankr.N.D.Ohio 1990).

facts of this case reach beyond the issue stated by the majority.

The majority states the issue as follows: Whether a federal tax lien, which was not listed as secured in an otherwise timely filed proof of claim, and not provided for in a Chapter 13 plan, remains valid despite confirmation of the plan.

Chapter 13 plans do not "provide for" federal tax liens. Rather, such plans propose to pay debts with differing priorities, depending on whether the obligation is secured, enjoys some statutory priority, or is a general unsecured obligation. With respect to taxes, such as those at issue in this case, plans provide for payment of the tax claims according to the priority they hold. The existence of a valid lien, known to the debtor or not, goes to the priority of payment, but Chapter 13 plans do not "provide for" payment of liens.

The majority's statement of the issue suggests that the debtor's plan did not "provide for" the taxes which were secured by the unknown second NFTL. But that is not accurate. The debtor's plan provided for payment in full of those taxes on a priority basis. The plan simply did not recognize that those taxes were secured by the second NFTL. Consequently, one of the issues posed by the debtor's appeal is whether a federal tax lien is enforceable when the taxes it secures are provided for in full in a Chapter 13 plan confirmed without objection.

Statement of the issue as set out above is important for the reason that the facts of this case go beyond the facts of the cases correctly relied upon by the majority, for in those cases the *taxes* were not "provided for" in the plans. Here, the taxes were "provided for", but just not recognized as secured.

Having asserted that distinction, I reiterate that I concur in the result reached by the majority, and I rely on the same authorities. I would hold that confirmation of a Chapter 13 plan that provides for full payment of certain taxes as priority taxes does not, by the act of confirmation, effect an avoidance of an otherwise valid tax lien.

That is the result the majority reaches on the facts in this case, although it nowhere states that conclusion.