NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| In re: | ) | BAP No. AZ-11-1444-JuPaD |
|---|---|---|
| CHRISTINE E. SPRINGER, | ) | Bk. No. 09-15521 |
| Debtor. | ) | |
| CHRISTINE E. SPRINGER, | ) | |
| Appellant. | ) | M E M O R A N D U M* |

Submitted Without Oral Argument
February 24, 2012

Filed - March 9, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Randolph J. Haines, Bankruptcy Judge, Presiding

Appearances:   Christine E. Springer appeared pro se.

Before:  JURY, PAPPAS, and DUNN, Bankruptcy Judges.

Chapter 7[1] debtor, Christine E. Springer, appeals the bankruptcy court's order denying her motion to reopen her case. We AFFIRM.

---

*  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and rule references are to the Federal Rules of Bankruptcy Procedure.

-1-

## I. FACTS

Debtor's motion to reopen her bankruptcy case related to the alleged wrongful foreclosure of her condominium located in Phoenix, Arizona, which occurred after she received her chapter 7 discharge and her case closed. The facts leading up to this appeal are as follows.

In 2007, debtor borrowed $192,845 from Countrywide Bank FSB ("Countrywide") to purchase her property. Two notes and deeds of trust evidenced and secured the loan. Debtor fell into default and her property was scheduled for sale at a nonjudicial trustee's sale on July 9, 2009.

Three days before the sale, on July 6, 2009, debtor filed her chapter 7 petition. Upon the filing of her petition, and on the advice of her attorney, debtor moved out of the property. Debtor listed the property in Schedule D and listed Bank of America Corporation Home Loans Servicing ("BAC") as holding a claim against the property in an amount over $154,000. In her Statement of Intention, debtor indicated that she surrendered her real property and did not claim it as exempt. At no time during debtor's case did BAC or any other entity seek relief from stay to sell her property. The bankruptcy court granted debtor a discharge on February 11, 2010 and on February 22, 2010, her case was closed.

After her discharge, in April 2010, BAC sent debtor a letter indicating that her mortgage loan was assigned, sold or transferred to Countrywide Home Loans, Inc. The letter reflected that BAC was debtor's loan servicer.

On August 4, 2010, debtor filed a complaint about BAC with

-2-

the Arizona Attorney General's Office. Debtor's complaint was that she contacted BAC to ask it to foreclose on her property, which was still in her name. Although debtor was not living in the property, her homeowners' association fees and other expenses associated with the property continued to accrue. Debtor complained that she got the "runaround" from different departments within BAC.[2]

BAC responded to her complaint, stating that the foreclosure sale on debtor's property was scheduled for August 23, 2010. The letter further stated that debtor had declined a loan modification offer on May 19, 2009. Rather than a loan modification, debtor wanted to have the debt completely forgiven, which BAC said was not an option. BAC also stated that they offered debtor a deed in lieu of foreclosure to sign, which debtor did not accept.

Debtor responded by writing directly to BAC. She claimed no deed in lieu of foreclosure was ever offered to her. Debtor maintained that her bankruptcy attorney attempted to negotiate with Countrywide prior to her bankruptcy, but Countrywide would not reduce the principal on the second mortgage. Debtor stated that she had no intention of reaffirming the debt and that she continued to receive monthly statements even though she was not personally liable for the debt on her property. Debtor also alleged that she was receiving phone calls from "debt collectors." Finally, debtor stated that unless the loan

---

[2] Debtor's complaint to the Attorney General epitomizes her frustration with BAC and the runaround she alleges she received during her quest to have BAC foreclose on her property.

modification could provide for a $15,000 note at 4.5% interest for thirty years, she wanted BAC to foreclose on her property.

From what we can tell, the foreclosure sale scheduled in late August 2010 did not take place.

In September 2010, debtor's homeowners' association ("HOA") sent her a letter for past due amounts on her association fees, which totaled $6,783.77. The letter further stated that the HOA would commence collection against her unless she brought her dues current.

On December 26, 2010, since the property was vacant and falling into disrepair, and faced with a lawsuit by the HOA, debtor moved back into the property.

By February 2011 debtor was still receiving information from BAC about modifying her loan. In addition BAC continued sending debtor notices about her account. The notice stated that it was "For Information Purposes" and acknowledged that because debtor had received her discharge, she had no personal obligation to repay her debt. The notice further stated that "this communication is from a debt collector."

In June 2011, debtor alleges she learned through a real estate agent that Mortgage Electronic Registration Systems, Inc. ("MERS") had acquired her property in a nonjudicial foreclosure sale on May 27, 2011. Debtor claimed that she had no notice of this sale. Upon investigation, debtor learned that BAC had never owned the loans on her property. Debtor contacted the real estate agent to let her know that debtor would be filing a lawsuit due to the problems she discovered. Later, the same real estate agent, on behalf of BAC, offered debtor cash to move

out of the property.

On June 14, 2011, debtor filed a lawsuit against BAC, MERS and others in the Maricopa County Superior Court. Debtor sought to invalidate the trustee's sale, conducted by Recontrust, and establish quiet title in her name. Debtor alleged that none of the documents showed that the defendants had standing to claim or sell her home.[3] Debtor includes numerous documents in the record to support her position.

On June 20, 2011, debtor moved for a temporary restraining order in the state court. The state court scheduled a show cause hearing for July 1, 2011. On June 29, 2011, the defendants removed the lawsuit to the United States District Court for the District of Arizona on diversity grounds. BAC then moved to dismiss debtor's complaint. In a thirteen page order, the district court found, among other things, that debtor had waived all her claims concerning the trustee's sale under Arizona law because she did not move for relief prior to the sale taking place. In addition, the court addressed debtor's claim that the communications she was receiving violated the discharge injunction. The district court found that the communications were for informational purposes only and thus there was no violation of the discharge injunction pursuant to the holding in Garske v. Arcadia Fin., Ltd. (In re Garske), 287 B.R. 537, 542 (9th Cir. BAP 2002). Relying on Bisch v. United States (In re Bisch), 159 B.R. 546, 549 (9th Cir. BAP

---

[3] Also on July 14, 2011, debtor filed a notice of lis pendens with the Maricopa County Recorder's office.

1993), the district court further found that, contrary to debtor's belief, a secured creditor did not have to file a proof of claim in order for it to enforce its lien. In the end, the court dismissed debtor's complaint with prejudice by order filed on September 13, 2011.

Prior to the dismissal of her district court case, on July 19, 2011, debtor moved to reopen her bankruptcy case, but did not pay the required fee. In her motion, debtor maintained that the bankruptcy court was the only court that should or could answer questions relating to the defendants' right to sell her home because none of the defendants (1) moved for relief from stay during her case or (2) preserved their right to the property in the bankruptcy proceeding by filing a proof of claim. In essence, debtor maintained that the defendants had no claim to her property and that the bankruptcy court should quiet title in her name. Our review of the docket shows that debtor did not serve any of the defendants named in her district court complaint with her motion to reopen.

On July 20, 2011, the bankruptcy court sent a notice to debtor's bankruptcy attorney for nonpayment of the filing fee. The notice stated that no further action would be taken on debtor's motion to reopen until the filing fee was paid. Debtor's attorney contacted debtor regarding the notice. According to debtor, she called the clerk's office and was told that no further action would be taken until she paid the fee.

On July 28, 2011, the bankruptcy court denied debtor's motion on two grounds: first, her failure to pay the filing fee and second, debtor's request did not reveal any asset that could

be administered for the benefit of her estate. This timely appeal followed.[4]

On August 11, 2011, debtor paid the filing fee.

## II. JURISDICTION

The bankruptcy court had jurisdiction to reopen the case under 28 U.S.C. § 1334 and § 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158(a)(1) because we view the order on appeal as final.

## III. ISSUE

Whether the bankruptcy court abused its discretion by denying debtor's motion to reopen her case.

## IV. STANDARDS OF REVIEW

The bankruptcy court's decision whether or not to reopen a bankruptcy case under § 350 is reviewed for an abuse of discretion. Cisneros v. United States (In re Cisneros), 994 F.2d 1462, 1464-65 (9th Cir. 1993). We apply a two-part test to determine whether the bankruptcy court abused its discretion: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc).

---

[4] We observe that debtor's notice of appeal did not name any appellees. Further, none of the defendants named in her district court complaint, including BAC, were served with the notice of appeal.

-7-

We may affirm on any ground supported by the record. Stevens v. Nw. Nat'l Ins. Co. (In re Siriani), 967 F.2d 302, 304 (9th Cir. 1992).

## V. DISCUSSION

Section 350(b) provides that a bankruptcy case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Reopening a case generally involves "'only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee.'" Lopez v. Specialty Restaurants Corp. (In re Lopez), 283 B.R. 22, 26 (9th Cir. BAP 2002) (quoting Menk v. LaPaglia (In re Menk), 241 B.R. 896, 916–17 (9th Cir. BAP 1999)). In considering these narrow issues, the proper focus is on the benefit to creditors. In re Lopez, 283 B.R. at 27. A bankruptcy court may properly deny a motion to reopen where the chance of any substantial recovery for creditors appears "'too remote to make the effort worth the risk.'" Id.

Debtor's motion to reopen disclosed no asset that could be administered for the benefit of her estate nor did it provide a basis for according her relief. Instead, debtor's motion raised numerous issues relating to the wrongful foreclosure of her property, all of which were previously raised in her district court complaint. That complaint was dismissed with prejudice, and debtor states in her brief that she has appealed that order to the Ninth Circuit. Consequently, we do not have jurisdiction

-8-

over those issues in this appeal.[5]

The only remaining basis for reopening debtor's case would be "for other cause." Debtor's motion alleged violations of the discharge injunction and also alleged that the creditor holding a lien on her property had waived its lien by not participating in her case. The district court addressed these concerns in its order. Moreover, Debtor misunderstands the treatment of secured claims in a bankruptcy case vis-a-vis her discharge. A lienholder's failure to file a secured proof of claim means only that the lienholder will not receive a distribution from her estate; it does not waive the lien. In re Bisch, 159 B.R. at 549. Therefore, although debtor's personal liability on the note was discharged in her bankruptcy, the lien against her property remained in force. Accordingly, her lien creditor could enforce its lien against her property after debtor received her discharge. See Johnson v. Home State Bank, 501 U.S. 78 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor in personam — while leaving intact another — namely, an action against the debtor in rem.").

---

[5] Debtor requests us to review (1) whether Countrywide or BAC could sell the property and collect on the promissory note without proving they are the rightful owner of the note after the closing of the bankruptcy case; (2) whether Countrywide or BAC could sell debtor's home without giving her notice as required by the foreclosure statutes of Arizona; (3) whether "appellees" have violated the Fair Debt Collection Practices Act; and (4) whether the sale can be set aside on grounds of lack of standing. Even if we did have jurisdiction, debtor may be precluded from raising these issues in the bankruptcy court. However, we need not make that determination in light of the order on appeal.

-9-

Finally, debtor contends that the bankruptcy court abused its discretion in denying her motion to reopen her case on the grounds that she did not pay the filing fee.  Debtor relies on her pro se status and the clerk's office "confusion" over the procedure for accepting debtor's pleadings.  She states that once she learned about the unpaid fee from her attorney, she immediately called the court and was told that the court would not act on her motion until the fee was paid.  This advice was incorrect since the court then denied the motion to reopen.  The record shows that debtor clearly had the means to pay the fee because she eventually paid it, albeit after the court issued its order.  Under these circumstances, to the extent the court erred in denying debtor's motion to reopen her case for failing to pay the filing fee, we conclude that error was harmless because we affirm the bankruptcy court's decision on other grounds.  See In re Siriani, 967 F.2d at 304 (the court may affirm on any ground supported by the record).

**VI.   CONCLUSION**

For the reasons stated, we AFFIRM.