In re John STAGE and Charlesina Stage, Debtors.

Bankruptcy No. 86–07236–H13.

United States Bankruptcy Court,
S.D. California.

Nov. 5, 1987.

David E. Britton, San Diego, Cal., for debtors.

Harry Heid, San Diego, Cal., trustee.

Martin T. McGuinn, Holbert, McGuinn & Moss, La Mesa, Cal., for movant.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

The motion of John and Charlesina Stage, Chapter 13 debtors, to modify their confirmed Chapter 13 plan raises an issue of apparent first impression: What standing do creditors unaffected by the plan's modification have to object to confirmation of the modified plan?

## FACTUAL SUMMARY

On December 15, 1986, the Stages' Chapter 13 plan dated October 27, 1986, was confirmed. That plan provided for installments of $680 per month to be paid to the Chapter 13 trustee. Associates National Mortgage, a lienholder on the debtors' real estate, was scheduled to receive payment on arrearages at the rate of $200 per month with no interest. Unsecured creditors were to receive 100 percent on their claims filed. No objection was made by Associates to confirmation of the October 27, 1986 plan. In August 1987, the debtors filed a modified Chapter 13 plan dated August 1, 1987, which modified plan provided for payments of $630 per month to be made to the Chapter 13 trustee. Associates' claim for arrearages was scheduled for installment payments in exactly the same amount as in the October 27, 1986 plan. Other than the decrease in the amount of installments to be paid to the Chapter 13 trustee, the only other change made by the modified plan was to decrease the distribution to unsecured creditors from 100 percent to 70 percent of the allowed amount of their claims.

Associates has filed an objection to confirmation of the modified plan on the grounds that the debtors failed to provide for interest to be paid on the arrearages scheduled in the modified plan. The debtors contend that since Associates never raised the issue of interest at the confirmation hearing for the October 27, 1986 plan and is not affected by the modification set forth in the August 1, 1987 plan, Associates is bound by the terms of the plan as originally confirmed.

## DISCUSSION

11 U.S.C. § 1329(a) permits the debtor, the trustee or the holder of an allowed *unsecured* claim to modify a confirmed

plan. If modification is sought, § 1329(b)(1) states:

Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

The debtors' modified plan satisfies those requirements with respect to the affected unsecured creditor group.

It is well-settled law that an order confirming a Chapter 13 plan is ...:

... [R]es judicata to all justiciable issues which were or could have been decided at the confirmation hearing. [citations omitted] Section 1307 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan. *In re Evans*, 30 B.R. 530, 531–2, 9 [10] B.C.D. 2nd 1071 (BAP 9th Cir.1983).

Had Associates sought to reopen the question of whether interest should be provided on their arrearage claim, absent this modified plan, it could not have done so. *See Rhode Island Central Credit Union v. Zimble*, 47 B.R. 639 (Bankr.D.R.I.1985); See also, 11 U.S.C. § 1329(a).

The debtors' modified plan does not change either the status or method of payment of Associates. Had it done so, the debtor would have been required to obtain Associates' consent, surrender its collateral or satisfy the cram-down provisions of § 1325(a)(5)(B). *In re Kitchen*, 64 B.R. 452, 455 (Bankr.D.Mont.1986); See, also, 5 *Collier On Bankruptcy*, (15th ed.) § 1329.-01, pg. 1329–7.

There is nothing in the legislative history or case law to support the position that a hearing on modification of a Chapter 13 plan was intended to be a rehearing on all issues which were or could have been raised at the initial confirmation hearing. The position argued by Associates would result in every plan modification hearing reopening the issues considered at the initial confirmation hearing, regardless of whether a creditor was affected by the modification sought—a result which would be unworkable and burdensome to the bankruptcy courts.

A careful examination of § 1329(b)(2) supports the debtors' position that only those portions of the plan proposed to be changed are tested by § 1329(b)(1). Section 1329(b)(2) provides that, "The plan *as modified* becomes the plan." A debtor who successfully proposes a modification of a confirmed Chapter 13 plan does not obtain such additional benefits as might result were the debtor merely to dismiss his Chapter 13, refile and propose a new plan. For example, a modified plan may not extend longer than five years from the first payment due under the original confirmed plan [§ 1330(c)].

Accordingly, this Court holds that Associates is bound by its treatment set forth in the debtors' Chapter 13 plan dated October 27, 1986. Since debtors' modified plan dated August 1, 1987 does not affect in any manner the status and treatment of Associates, it has no standing to object to confirmation. The modified Chapter 13 plan dated August 1, 1987, having otherwise complied with § 1329(b)(1), should be confirmed.

Counsel for the debtor is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days from the date of its entry.