In re Alva W. **EASON,** a/k/a Alva Winston Eason d/b/a Eason Logging, SSN: 253–62–8331, Debtor.

**Bankruptcy No. 91–70109–VAL.**

United States Bankruptcy Court,
M.D. Georgia,
Valdosta Division.

Aug. 2, 1994.

David P. Ward, Albany, GA, for debtor.

Lillian H. Lockary, Asst. U.S. Atty., Macon, GA, for I.R.S.

Kristin Smith, Chapter 13 Trustee, Columbus, GA.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On April 27, 1994, the court held a continued hearing on the motion of Debtor to modify his confirmed Chapter 13 plan and the objections of certain creditors thereto. This memorandum opinion concerns the objection of the Internal Revenue Service (hereinafter the "IRS"), a classified unsecured creditor of Debtor. The parties have stipulated that there are no disputed facts. The IRS asserted that the proposed postconfirmation modification is defective since it does not provide for interest on the deferred payment of the IRS's unsecured priority tax claim where such claim would have been paid in full in a hypothetical Chapter 7 liquidation (as required by the "best interest of creditors" test under § 1325(a)(4) of the Bankruptcy Code, as incorporated into § 1329 of the Code). Debtor responded that the IRS does not have standing to object to the treatment of its priority claim, since the proposed modification does not alter the treatment of the IRS's claim from that shown in the original confirmed Chapter 13 plan or the confirmed May, 1992 modified plan (the controlling plan at this time). At the conclusion of the hearing, the parties agreed to submit briefs on the issue of whether the IRS has standing to object to the proposed modification of Debtor's confirmed Chapter 13 plan. The court, having considered the briefs of counsel, finds that under § 1327 of the Bankruptcy Code and for the reasons discussed below, the IRS does not have standing to object to Debtor's proposed postconfirmation modification.

Debtor filed a petition for relief under Chapter 13 on February 15, 1991. Debtor's schedules indicated a jointly-owned parcel of real estate (co-owner/wife did not file) with a value of $165,000.00 and liens thereon totalling $99,249.31. Debtor scheduled general unsecured debts of $2,649.02 and unsecured priority state and federal tax debt in an unknown amount for two prepetition tax years.

Debtor's Chapter 13 plan was filed on March 1, 1991. It provided that all 11 U.S.C. § 507 priority claims would be paid in full over the life of the plan. Debtor's plan included the payment of a dividend of 100% to unsecured creditors, as required by the "best interests of creditors" test. The plan did not provide for the payment of interest on allowed unsecured general claims or on allowed unsecured priority claims. The IRS, an unsecured creditor, did not file an objec-

tion to the plan. The plan was confirmed on May 29, 1991.

On November 18, 1991, Debtor filed a Motion for Modification of Plan After Confirmation, which both parties agree did not alter the treatment of the IRS's priority claim under the original confirmed plan.

On May 18, 1992, Debtor filed a Motion for Modification of Plan After Confirmation in order to increase his monthly payments to the trustee. The modified plan indicates that the IRS will be paid under the plan as a classified unsecured claimant in the amount of $2,709.00 ($4,868.00 (the IRS's original unsecured priority claim) less a 1991 tax refund of $2,159.00). The plan provides that the amount of $2,709.00 will be distributed through installments of $56.44 over 48 months at 0% interest. Thus, the modified plan provides for the repayment in full of the IRS's unsecured claim at 0% interest. The modified plan includes a dividend of 100% to unsecured creditors and does not provide for interest payments on allowed unsecured general claims or on allowed unsecured priority claims. The IRS did not file an objection to the modified plan. The modified plan was confirmed on August 26, 1992.

On August 10, 1992, Debtor filed an objection to the IRS's proof of claim and requested the court to reduce the original claim of $4,868.00 to $2,709.00, anticipating the offset by the IRS of the 1991 tax refund. The IRS then filed an amended proof of claim which eliminated an estimated claim for delinquent 1989 and 1990 taxes and set forth a liquidated amount for the IRS's unsecured priority claim of $4,555.75, plus an unsecured general claim of $122.80. The IRS did not offset the tax debt but refunded to Debtor his 1991 tax refund of $2,159.00 plus interest, and did not further amend its proof of claim. Debtor's objection to the IRS's proof of claim was withdrawn on November 20, 1992. Therefore, the IRS's amended proof of claim for $4,678.55 (including the $4,555.75 classified as unsecured priority), is deemed allowed.

On January 13, 1994, Debtor filed a Motion for Modification of Plan After Confirmation in order to reduce his monthly payments to the trustee. The modified plan reflects the sale (already approved by this court), of two items of collateral for which two secured creditors have now been paid (as allowed under § 1329(a)(3) of the Bankruptcy Code). The modified plan proposes to reduce the amount of the monthly payment on the classified claim of the IRS (as allowed under § 1329(a)(1) of the Code), and to lengthen the time period during which such claim will be repaid in full (as allowed under § 1329(a)(2) of the Code). The modified plan reaffirms the treatment of the IRS by providing for the repayment in full of the IRS's classified unsecured claim of $4,555.75 at 0% interest. The modified plan includes a dividend of 100% to unsecured creditors and does not provide for interest payments on allowed unsecured general claims or on allowed unsecured priority claims.

On February 7, 1994, the IRS filed an objection to the proposed postconfirmation modification and alleges that it is defective since it does not provide for interest on the deferred payment of the unsecured tax claims where such claims would have been paid in full in a hypothetical Chapter 7 liquidation as required under § 1325(a)(4) of the Bankruptcy Code.

Debtor, referencing § 1327 of the Bankruptcy Code, contends that once his Chapter 13 plan was confirmed, the confirmation order became *res judicata* as to all justiciable issues, including the issue of whether unsecured creditors are entitled to payment of interest on allowed unsecured claims. Debtor concedes that if an objection to confirmation had been timely filed by an unsecured claimant pursuant to § 1325(a)(4) of the Bankruptcy Code prior to confirmation of Debtor's plan on May 29, 1991, the plan would not have been confirmable absent a modification to provide for the "present value" of the unsecured claims through the payment of interest on the allowed unsecured claims. *See Hardy v. Cinco Fed. Credit Union (In re Hardy)*, 755 F.2d 75 (6th Cir. 1985); *In re Martin*, 17 B.R. 924 (N.D.Ill. 1982); *see also Equitable Life Assurance Society v. Sublett (In re Sublett)*, 895 F.2d 1381 (11th Cir.1990); *Scarborough v. Orix Credit Alliance (In re Scarborough)*, No. 93–8572 (Bankr.M.D.Ga.1994), *aff'd*, 14 F.3d 59 (11th Cir.1994). But no such objection was

made, and the plan was confirmed without provision for the payment of interest on unsecured claims. *See In re Szostek,* 886 F.2d 1405 (3rd Cir.1989) (held that the objecting secured creditor had effectively waived its rights under § 1325(a) of the Bankruptcy Code by failing to timely object or appeal the order of confirmation). Debtor points out that there is no allegation that the IRS lacked notice of Debtor's bankruptcy filing or the provisions of the original Chapter 13 plan as proposed and as confirmed. Debtor contends that the IRS has no standing to object to approval of the proposed modification since the IRS has waived its rights to object to the 0% interest to be paid on its priority claim. Debtor points out that the provision for 0% interest on the IRS's claim has been confirmed as part of Debtor's plan. Furthermore, Debtor argues that the proposed modification does not alter the treatment of the unsecured priority claim or the general unsecured claim of the IRS from the previously confirmed plans. Thus, the IRS is not adversely affected by the proposed modification. *See In re Stage,* 79 B.R. 487 (Bankr.S.D.Cal.1987) (held that a creditor who is not affected by a proposed post-confirmation modification lacks standing to object to confirmation of a modified plan). Debtor contends that the IRS has filed an objection to collaterally attack a provision of the confirmed plan and is trying to reinstate rights which it previously waived through its inaction. Debtor urges the court to find that the IRS has no standing to raise such an objection and requests that the IRS's objection to confirmation be overruled, and Debtor's proposed modification be confirmed.

The IRS contends that it does have standing to object since the proposed modification directly impacts the treatment of the IRS's claim by proposing to alter distribution under the plan. With respect to Debtor's reliance on *In re Stage,* 79 B.R. 487 (Bankr. S.D.Cal.1987), the IRS contends that the court found no standing to object because the proposed modification did not adjust treatment of the objecting secured creditor's claim under the confirmed plan, and that the elements of § 1325(a) of the Bankruptcy Code could have been invoked by the objecting creditor if the debtor had proposed to

alter treatment of the objecting creditor's claim. With respect to the proposed modification, the IRS argues that Debtor proposes to adjust payments of the IRS's unsecured priority claim; therefore, the elements of confirmation are still applicable, including § 1325(a)(4) of the Code. The May, 1992 modification of Debtor's plan provides that the claim will receive payment of $2,709.00 (amount Debtor previously asserted should be paid). The proposed modification proposes to pay the full amount of the IRS's allowed unsecured priority claim in the amount of $4,555.75 (the allowed amount after Debtor received his 1991 tax refund and withdrew his objection to the IRS's claim). The IRS contends that the proposed modification therefore varies treatment of the claim by conforming distribution under the plan to the IRS's amended proof of claim (the modification takes into account a 1991 tax refund received by Debtor and acknowledges that $4,555.75 is the correct amount of the claim and not $2,709.00 as approved in the May, 1992 modification).

The IRS also claims that a creditor in interest has a right to object to a plan modification whether or not the issues raised at the modification hearing arose at the original confirmation hearing. *See In re DeMoss,* 59 B.R. 90 (Bankr.W.D.La.1986) (whether or not a substantial change in debtor's income or expenses has occurred since confirmation is a new justiciable issue); *see also In re Frost,* 123 B.R. 254 (S.D. Ohio 1990); *In re Koonce,* 54 B.R. 643 (Bankr.D.S.C.1985).

Section 1327 of the Bankruptcy Code sets forth the effect of confirmation of a Chapter 13 plan:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan,

the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

Additionally, Collier on Bankruptcy, a leading treatise on bankruptcy, states that:

> The purpose of section 1327(a) is the same as the purpose served by the general doctrine of *res judicata.* There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order....
>
> The binding effect of the confirmation order establishes the rights of the debtor and creditors as those which are provided in the plan. It is therefore incumbent upon creditors with notice of the Chapter 13 plan to review the plan and object to the plan if they believe it to be improper; they may ignore the confirmation hearing only at their peril.

5 Collier on Bankruptcy ¶ 1327.01[1] (15th ed. 1994) (footnotes omitted).

A creditor that had the opportunity to object that the plan did not meet the requirements for confirmation may not later assert any interest other than that provided for it by the confirmed plan. *See United States on Behalf of I.R.S. v. Norton,* 717 F.2d 767, 774 (3rd Cir.1983). Section 1327 of the Bankruptcy Code prevents a creditor from asserting after confirmation and during the term of the plan, any rights other than those provided for it by the confirmed plan. *See Anaheim Savings and Loan Assn. v. Evans (In re Evans),* 30 B.R. 530 (9th Cir. BAP 1983); *Rhode Island Central Credit Union v. Zimble (In re Zimble),* 47 B.R. 639 (Bankr. D.R.I.1985); *see also Lawrence Tractor Co. v. Gregory (In re Gregory),* 705 F.2d 1118 (9th Cir.1983) (failure to raise objection or appeal confirmation order precluded attack on Chapter 13 plan); *Matter of Battle,* 164 B.R. 394 (Bankr.M.D.Ga.1994) (creditor's objection to confirmation barred; oversecured creditor's failure to object to or appeal from Chapter 13 confirmation order barred claim for interest; opinion primarily based on the binding effect of § 1327 of the Bankruptcy Code).

Furthermore, Collier on Bankruptcy states that:

> [T]he binding effect of a chapter 13 plan extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order, including whether the plan complies with sections 1322 and 1325 of the Bankruptcy Code. For example, a creditor may not after confirmation assert that the plan was not filed in good faith, as required by section 1325(a)(3); that the creditor should have been paid interest; that the debtor is ineligible for chapter 13 relief; or that the plan is otherwise inconsistent with the Code in violation of section 1322(b)(10) or section 1325(a)(1).

5 Collier on Bankruptcy ¶ 1327.01[1] (15th ed. 1994) (footnotes omitted).

In *In re Hebert,* 61 B.R. 44, 46–47 (Bankr. W.D.La.1986), the court held that the IRS's failure to object to the treatment of its claim as payment in full without interest constituted "agreement" to such treatment, and thus, upon completion of the Chapter 13 plan, the IRS was precluded from seeking enforcement of its lien for interest due.

In *In re Szostek,* 886 F.2d 1405 (3rd Cir. 1989), a creditor raised a postconfirmation challenge to the treatment afforded it in the confirmed plan. The creditor claimed that the plan failed to provide for the payment of interest on its allowed secured claim to pay the "present value" of the claim. *Szostek,* 886 F.2d at 1407. The issue before the *Szostek* court was:

> [W]hether, in the absence of fraud, the failure of a creditor to ... object timely to the plan, or appeal the order of confirmation, regardless of the reason, precludes the creditor from obtaining full recovery of the present value of its claim when such was not provided for in the confirmed plan.

*Id.* at 1408.

The *Szostek* court determined that compliance with § 1322 of the Bankruptcy Code is mandatory for a plan ("The plan shall ..."), to be confirmed, but that compliance with the conditions of § 1325(a) of the Code is not mandatory ("... the court shall confirm a plan if" certain things occur/not "only if"

those things occur). *Id.* at 1411. Thus, if the conditions of § 1325(a) of the Code are met, the court must confirm the plan; however, if the conditions of § 1325(a) of the Code are not met, although § 1322's requirements are met, the court has the discretion to confirm the plan. *Id.* The court decided that once the plan was confirmed, it became final under § 1327 of the Code and absent a showing of fraud, it could not be challenged for failure of the debtor to pay the objecting secured creditor the present value of its claim. *Id.* at 1413.

In *In re Stage,* 79 B.R. 487 (Bankr.S.D.Cal. 1987), a confirmed Chapter 13 plan did not provide for the payment of interest on a prepetition secured claim. The debtor filed a proposed modification which did not adversely affect the creditor's treatment. *Stage,* 79 B.R. at 487. The creditor objected since the modified plan did not provide for interest in violation of § 1325(a) of the Bankruptcy Code as incorporated into § 1329(b)(1) of the Code. *Id.* at 487–88. The court found that the creditor was bound by the terms of the plan as originally confirmed. *Id.* at 488. The court stated that: "There is nothing in the legislative history or case law to support the position that a hearing on modification of a Chapter 13 plan was intended to be a rehearing on all issues which were or could have been raised at the initial confirmation hearing." *Id.* The court noted that to allow such action could result in the reopening of issues considered at the original confirmation hearing, regardless of whether or not a creditor was affected by the modification, and also would be burdensome to the bankruptcy court. *Id.*

With respect to the doctrine of *res judicata,* several decisions have held that an order confirming a Chapter 13 plan is *res judicata* as to all justiciable issues which were or could have been decided at the confirmation hearing. *See Anaheim Savings and Loan Assn. v. Evans (In re Evans),* 30 B.R. 530 (9th Cir. BAP 1983); *Young v. I.R.S.,* 132 B.R. 395 (S.D.Ind.1990); *In re Duke,* 153 B.R. 913 (Bankr.N.D.Ala.1993); *Los Angeles Title and Trust Deed Co. v. Risser (In re Risser),* 22 B.R. 868 (Bankr.S.D.Cal.1982); *Matter of Abercrombie,* 39 B.R. 178 (Bankr.

N.D.Ga.1984); *Matter of Beard,* 112 B.R. 951 (Bankr.N.D.Ind.1990); *In re Guilbeau,* 74 B.R. 13 (Bankr.W.D.La.1987); *Citicorp Homeowners, Inc. v. Willey (Matter of Willey),* 24 B.R. 369 (Bankr.E.D.Mich.1982); *In re Banks,* 161 B.R. 375 (Bankr.S.D.Miss. 1993); *In re Russell,* 29 B.R. 332 (Bankr. E.D.N.Y.1983); *In re Patterson,* 107 B.R. 576 (Bankr.S.D. Ohio 1989); *In re Bonanno,* 78 B.R. 52 (Bankr.E.D.Pa.1987); *In re Clark,* 38 B.R. 683 (Bankr.E.D.Pa.1984); *Rhode Island Cent. Credit Union v. Zimble (In re Zimble),* 47 B.R. 639 (Bankr.D.R.I.1985). *See generally* Harry L. Deffebach, *Postconfirmation Modification of Chapter 13 Plans: A Sheep in Wolf's Clothing,* 9 Bankr.Dev.J. 153 (1992).

 This court recognizes that some courts have rejected *res judicata* in regard to Bankruptcy Code § 1329 motions *(see Williams v. First Nat'l Bank (In re Williams),* 108 B.R. 119 (Bankr.N.D.Miss. 1989); *In re Stone,* 91 B.R. 423 (Bankr.N.D. Ohio 1988); *In re Jock,* 95 B.R. 75 (Bankr. M.D.Tenn.1989)). However, such view ignores the concept that the parties should be able to rely on the confirmed plan absent a change in the debtor's circumstances or postconfirmation default by the debtor. The doctrine of *res judicata* prohibits modifications based on issues that were or could have been litigated at confirmation, such as the issue of payment of interest on unsecured claims.

 It appears to the court from applicable statutory law and case law that a confirmation order binds the debtor and creditor to the provisions of the confirmed Chapter 13 plan. The proposed postconfirmation modification does not alter the status or treatment of the IRS's claim from that shown in the original confirmed Chapter 13 plan or the confirmed May, 1992 modified plan (the controlling plan at this time). The proposed modification reaffirms the treatment of the IRS by providing for the repayment in full of the IRS's classified unsecured claim at 0% interest. Since the IRS made no objection to the originally confirmed plan (which provided for 0% interest on the IRS's claim), or the later May, 1992 modification which also provides for 0% interest, the binding effect of § 1327 of the Code, as well as the doctrine of

*res judicata,* preclude the IRS from objecting now. The court also notes that there has been no allegation of improper notice or fraud.

An additional reason for overruling the IRS's objection is that judicial economy demands reducing needless or repetitive litigation of issues that could have been decided at the confirmation hearing.

Finally, even if the court denies the proposed modification, the IRS will receive a 0% rate of interest on its claim as shown in the confirmed May, 1992 modified plan (the controlling plan at this time), and in the original confirmed Chapter 13 plan.

Therefore, for the reasons discussed above, the court finds that the IRS does not have standing to object to Debtor's proposed modification of his confirmed Chapter 13 plan. Accordingly, the court overrules the pending objection of the IRS.