**In re Joseph M. CARTER, Debtor.**

**No. 00–40704–JDW.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

March 22, 2000.

Gerald L. Olding, Savannah, for Debtor.

Sylvia Ford Brown, Savannah, for Trustee.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

The Court raises this issue *sua sponte* in considering confirmation of the Chapter 13 plan proposed by the debtor in this case, Joseph M. Carter ("Debtor"). At issue is the failure of Debtor's proposed plan to meet the "best interest of creditors" test provided at 11 U.S.C. § 1325(a)(4). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in conforming with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

In considering confirmation of the proposed plan, the Court gives special attention to the fact that Debtor owns substantial equity in real estate properties. Debtor's holdings as investment properties do not appear likely to produce the regular income necessary for funding his plan. However, the plan can be funded by sales of the properties.

If this were a proceeding under Chapter 7, it would be one of those rare instances occasioning not only the full payment of all secured and unsecured claims, but the payment of interest on unsecured claims pursuant to 11 U.S.C. § 726(a)(5), as well. Debtor's Chapter 13 plan does not provide for payment of interest to unsecured creditors.

### Conclusions of Law

■ Section 1325(a) of the Bankruptcy Code lists six criteria a Chapter 13 plan must meet in order for the Court to confirm it. *See Associates Commercial Corp. v. Rash*, 520 U.S. 953, 117 S.Ct. 1879, 1882, 138 L.Ed.2d 148 (1997); *In re Barnes*, 32 F.3d 405, 407 (9th Cir.1994); *In re Kitchens*, 702 F.2d 885, 887 (11th Cir.1983). The "best interest of creditors" test, provided at Section 1325(a)(4), is one of the criteria to be met in order for the plan to be confirmed. *See In re Eason*, 178 B.R. 908, 909 (Bankr.M.D.Ga.1994) (Laney, J.). The "best interest of creditors" test requires the Court to confirm a plan if

· the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of [Title 11 of the U.S.C.] on such date[.]

11 U.S.C. § 1325(a)(4) (2000).

The "best interest of creditors" test is not met in Debtor's proposed plan because unsecured creditors receive less than they would receive if this were a case under Chapter 7. If Debtor's assets were liquidated in a proceeding under Chapter 7, not only would holders of all secured and unsecured claims be paid in full, but unsecured claims provided for at Sections 726(a)(1) to (a)(4) would receive "payment of interest at the legal rate from the date of the filing of the petition[.]" 11 U.S.C. § 726(a)(5). Accordingly, the Court will not confirm Debtor's proposed plan until the requirements of Section 1325(a)(4) are met.

Arguably, Section 1325(a)(4) articulates not requirements, but discretionary standards, for confirmation. *See In re Szostek,* 886 F.2d 1405, 1411 (3d Cir.1989); *In re Britt,* 199 B.R. 1000, 1006–07 (Bankr. N.D.Ala.1996); 8 KING, COLLIER ON BANKRUPTCY ¶ 1325.01, pp. 1325–5 to 1325–6 (courts required to confirm plans meeting standards provided in Section 1325(a) but have discretion to confirm plans not meeting them). Nevertheless, even if the Court were to agree with the court in *In re Britt,* the only court to address the nature of Section 1325(a) in the confirmation context, the Court would be "extremely reluctant ... to confirm a plan [that] does not comply with [Section 1325(a)(4)]." *See In re Britt,* 199 B.R. at 1007. Even though the *In re Britt* court argued it had discretion to confirm a plan not proposed in accordance with the provisions of 1325(a)(5), it placed a substantial burden upon debtors asking the court to disregard the provisions of Section 1325(a), and in the end, required the debtors to satisfy the provisions of Section 1325(a) in order to obtain confirmation of their plan. *Id.* at 1014.

Regardless of whether the circumstances in another case would persuade the Court, in its discretion, to confirm a plan that did not meet the provisions of Section 1325(a), such circumstances are not presented in this case. Because Debtor has readily available means of protecting his unsecured creditors from loss, it would be inequitable to confirm Debtor's plan as proposed.

### Conclusion

Debtor's Chapter 13 plan cannot be confirmed as proposed. Accordingly, an order will be entered denying confirmation of Debtor's proposed plan. Furthermore, the order will dismiss Debtor's case subject to the condition that within ten (10) days of the entry of the order, Debtor may file a modification of his proposed plan to meet the requirements of Section 1325(a)(4). The modified plan would have to provide for payment of the present value, as of the effective date of the plan, of interest on unsecured claims as it would be paid pursuant to Section 726(a)(5) if this were a case under 11 U.S.C. Chapter 7.