**In re Frankie TAYLOR, Mary Yvonne Taylor, Debtors.**

No. 96–11435–MAM–13.

United States Bankruptcy Court, S.D. Alabama.

April 17, 2001.

Franklin V. Anderson, Mobile, AL, for debtors.

John Bender, Mobile, AL, for Empire Mortgage, L.L.C.

ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM NO. 16 OF FLEET FINANCE, INC., N/K/A EMPIRE MORTGAGE, L.L.C. AND DISALLOWING IT IN ITS ENTIRETY.

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the objection of the debtors to Claim No. 16 of Fleet Finance, Inc., n/k/a Empire Mortgage, L.L.C. ("Empire"). This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons stated below, the Court is sustaining the debtors' objection to Claim No. 16

of Empire and disallowing it in its entirety and determining that the claim of Empire is an unsecured claim in the amount of $36,162.77 as provided by Claim No. 1. The Court also awards fees of $750 to the debtors' counsel.

## FACTS

Frankie and Mary Taylor filed this chapter 13 case on April 19, 1996. They filed a plan which proposed to pay all creditors 100% of their debts over a five-year span. The debtors owed a debt to Fleet Finance ("Fleet") at filing. Fleet had a promissory note secured by a first mortgage on debtors' homestead. The note ballooned on February 15, 1996, just prior to the bankruptcy filing.

The debtors' plan did not specifically state how Fleet was to be treated other than stating that all debts were to be paid 100%. The plan also stated that "[w]ith respect to each allowed secured claim, the holder of such claim retains the lien securing such claim." The plan was confirmed on July 2, 1996 without objection from Fleet. The plan was modified by order dated December 11, 1996. The amended plan increased plan payments to $935 per month "to pay Fleet Finance through the plan." No other terms were changed. Fleet did not object to the amendment.

On June 26, 1996, Fleet filed a proof of claim, Claim No. 1, which listed its debt at $36,162.77 and listed it as "unsecured nonpriority claim." The proof of claim was signed by an attorney representing Fleet. On January 5, 2001, Empire filed a proof of claim, Claim No. 16, for $18,000.04 which it claims is secured by real estate. An attachment to the claim shows that it represents principal of $16,681.48, interest of $1,385.80, and other miscellaneous charges. The parties agree that this claim is based upon the same note and mortgage that were the basis for the Fleet claim in 1996.

The debtors have made their plan payments each and every month since filing. At the date of the hearing on this claim they had paid $54,730.00 to the trustee and owe $2,188.01 which will be paid in less than three months. They have made great sacrifices to pay this plan every month for nearly a five-year period. They are not able to pay Claim No. 16 in the time remaining under their plan. When the mortgage of the Taylors was made, it was held by Fleet Finance, Inc. At the time of the filing of Claim No. 1, the mortgage was being held or serviced by Wilshire Credit Corporation. The loan was assigned to Empire Mortgage, L.L.C., at some point before January 5, 2001.

## LAW

The Taylors assert that they will pay the claim of Empire in full. They will pay the claim filed in their bankruptcy case through their plan. They have almost done so. They argue that Empire should be prevented from filing Claim No. 16 at this time due to laches and res judicata. Empire asserts that its claim has not been paid in full. As a mortgage on a residence of a debtor, its claim cannot be modified in a plan except as allowed in 11 U.S.C. § 1322(c)(2).

A proof of claim filed in accordance with Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. Fed.R.Bankr.P. 3001(f). The debtors bear the initial burden of going forward with evidence to object to the claim, but once an issue is presented the burden shifts back to claimant who has the ultimate burden to prove entitlement. See *In re Consumers Realty & Dev. Co., Inc.*, 238 B.R. 418, 422 (8th Cir. BAP 1999); *Matter of Missionary Baptist Foundation of America*, 818 F.2d

1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), aff'd in part, vacated in part, 5 F.3d 1022 (7th Cir.), reh'g denied, (1993); *In re Harrison*, 987 F.2d 677, 680 (10th Cir.1993); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3rd Cir.1992).

The issues presented are: (1) Were the debtors precluded by 11 U.S.C. § 1322(c)(2) or any other provision of the Bankruptcy Code from providing Empire with the treatment it received under the debtors' plan? (2) Is Empire precluded from amending its claim on January 5, 2001 to assert new sums owed and a different status? (3) If the claim of Empire is treated as an unsecured claim in the case, what happens to Empire's lien at the completion of the case? The Court will discuss each issue in turn.

### A.

 Empire argues that the Taylors could not propose and confirm a plan which Empire argues violated 11 U.S.C. § 1322(c)(2) and therefore it has a right to assert that the additional sums it claims are still due. *In re Eason*, 181 B.R. 127 (Bankr.N.D.Ala.1995), rev'd *Dew v. Eason (In re Eason)*, 207 B.R. 238 (Bankr. N.D.Ala.1996). The District court in *Eason* held that a balloon payment could not be cured over the life of a chapter 13 plan. Empire is incorrect as to Eason's application to this case on several grounds. First, the debtors' plan did not in any way violate 11 U.S.C. § 1322(c)(2). The plan stated that all claims were to be paid in full, no matter what the status or amount. The plan did not state that Fleet's mortgage would be paid in any specific manner. This provision does not violate Section 1322 or any other section of the Bankruptcy Code. What Empire was paid depended solely upon Empire. It needed to file a claim which would indicate its status and the amount of its claim. It did file a claim.

It stated that it was an unsecured creditor with a claim of $ 36,162.77. A creditor's claim is allowed as filed unless a party objects. 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."). Based on that claim, the trustee paid the claim correctly. No interest is due on unsecured claims so there was no responsibility on anyone to add interest to the claim. The debtors paid the amount they were required to pay.

Second, even if the treatment of Empire was incorrect under 11 U.S.C. § 1322(c)(2), Empire needed to object to that treatment if it wanted to change it. Otherwise, the order of confirmation is binding on Empire regardless of the propriety of its treatment. 11 U.S.C. § 1327. Collier on Bankruptcy ¶ 1327.02[1][c] (15th ed.1999); *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989) (failure to apply present value provision of Code not grounds for vacating confirmed plan where creditor did not timely object); *In re Westbrook*, 246 B.R. 412 (Bankr. N.D.Ala.1999); *In re Eason*, 178 B.R. 908 (Bankr.M.D.Ga.1994); *In re Minzler*, 158 B.R. 720 (Bankr.S.D.Ohio 1993) (failure to timely object to confirmation precluded creditor from contesting treatment under plan as secured creditor rather than lessor). See also *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir.1990), cert. denied, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). It did not object to the plan or the amended plan. The fact that the plan states that holders of allowed secured claims retain their liens does not help Empire. Empire did not have an allowed secured claim. It filed an unsecured claim which is deemed allowed. 11 U.S.C. § 502(a). Empire could have asked that the plan confirmation be revoked, but it raised no grounds

for revocation of the confirmation order at the claim objection hearing.[1]

Therefore, Empire has no right to object to its treatment under the plan at this late date, regardless of what that treatment is. Even if it did object, its treatment met the requirements of 11 U.S.C. § 1322(c)(2). The plan did not prevent Empire from being paid its full claim. Its own proof of claim did.[2]

### B.

■ The second issue is whether Empire's Claim No. 16 is a valid, allowed, enforceable claim. The claim is defective for three reasons. First, if Claim No. 16 is a new claim it is due to be denied because it is filed years after the bar date for filing claims. The claim was filed on January 5, 2001. The bar date was September 11, 1996. Empire has provided no evidence to support the filing of a late claim. *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (excusable neglect as basis for allowing late claim); *Gardner v. State of N.J.*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947) (equitable basis for allowing late claim); *Fogel v. Zell*, 221 F.3d 955 (7th Cir.2000) (lack of notice as basis for allowing late claim).

■ Second, if Empire wishes the Court to treat this claim as an amendment to its prior Claim No. 1, Empire must show that the amendment is not a new claim. Claims may be freely amended unless they raise an entirely different claim. A claim cannot be amended after the claim filing bar date if the claim is a new claim being offered in the guise of an amendment to a previously filed claim. *U.S. v. Int'l Horizons*, 751 F.2d 1213 (11th Cir. 1985); *In re Parsons*, 135 B.R. 283 (Bankr. S.D.Ohio 1991); *In re McLean Industries, Inc.*, 121 B.R. 704 (Bankr.S.D.N.Y.1990). That is what Empire is attempting to do in filing Claim No. 16. Claim No. 1 was filed as an unsecured claim. An attorney for Empire filed the claim. The claim of Empire in this case is an unsecured claim unless properly amended.

■ The amendment of Empire does not comply with the requirements for amending a claim at this point in a case. Since Empire is now claiming it is a secured creditor, that makes its claim an entirely new one. Late amendments which raise new issues are only allowed if the creditor proves that granting the amendment is fair and imposes no undue hardship on a party. *Id.* Factors that courts consider in balancing the equities include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

---

1. The burden on Empire to overturn the confirmation order would be extremely heavy at this late date, Fed.R.Bankr.P. 9024. Most case law indicates that revocation is not even possible after 180 days after confirmation. 11 U.S.C. 1330; *In re Young*, 237 B.R. 791 (10th Cir. BAP 1999).

2. This is not like the case of *Fawcett v. U.S. (In re Fawcett)*, 758 F.2d 588 (11th Cir.1985). In that case, the Internal Revenue Service filed a proof of claim listing its principal balance only, but it also stated on the claim "For purposes of section 506(b) of the Bankruptcy Code, post-petition interest may be payable." The debtors' plan stated that secured claims would be paid "in full–100%." In that case, the debtors had to pay both the principal and interest of the IRS's claim. In this case the amended plan makes no provision for secured debts and states that unsecured debts will be paid 100%. Fleet had no notice whatsoever that it could rely on any secured claim to be paid in full. Secondly, unlike in *Fawcett*, Fleet filed a claim that proclaimed a lack of security. In *Fawcett*, the IRS, in general terms had claimed its interest from the beginning.

the amendment, and futility of amendment. *In re Parsons, supra* at 285; *Matter of Stavriotis,* 977 F.2d 1202 (7th Cir. 1992).

In this case, the amendment, if allowed would obviously be very prejudicial to the debtors. They are within three months of completing their plan and discharging Empire's debt. They paid the debt as requested by Empire. The fault for the problem lies squarely with Empire. It is not the trustee's or debtors' responsibility to inform Empire or its counsel as to the proper manner in which to complete a claim form. If Empire chose to file an unsecured claim, that is its right. Its delay in filing a new claim until now is sufficient to preclude relief. The debtors should not suffer because this loan has changed hands at least three times and Empire did not know what the initial proof of claim stated.

■ Third, case law indicates that a secured creditor can waive its right to claim it is secured if it files an unsecured claim. *Gardner v. Chicago Title & Trust Co. (In re O'Gara Coal Co.),* 12 F.2d 426, 429 (7th Cir.1926) ("In bankruptcy, there have been many decisions in the District courts, all to the effect, so far as we have found, that the consequence of filing a secured claim as an unsecured debt is the waiver of the security."); *In re Krahn,* 124 B.R. 78 (Bankr.D.Minn.1990). The *Gardner* case indicated that some cases held that waiver should not be found if the creditor filed its proof of claim "through ignorance or mistake." That is not the case here where the claim was filed through an attorney and there was no evidence of ignorance or mistake presented. "A party may waive any right which it is legally entitled to, including rights secured by contract."

*Dooley v. Weil (In re Garfinkle),* 672 F.2d 1340, 1347 (11th Cir.1982).

In summary, there are insufficient grounds to allow Empire to amend its proof of claim No. 1 at this time. Empire has also waived its right to assert that it has a secured claim by its act of filing an unsecured claim in the first place.

### C.

Empire has a lien on the debtors real estate at this time. In a bankruptcy case in which the secured creditor does not file a claim, or, if a secured claim is not paid in full during the case, the lien survives the plan and discharge of the debtors. *Estate of Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186, 189 (3rd Cir.1987). If the creditor files a proof of claim or is provided for in the plan, the lien of the creditor can be affected. *In re Thomas,* 91 B.R. 117, 124 (N.D.Ala.1988), aff'd, 883 F.2d 991 (11th Cir.1989), cert. denied, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990). Will Empire's lien survive the plan in this case? This Court concludes that Empire has waived its secured status as discussed above. Since it has waived its secured status, its lien based on that secured status will no longer exist upon the debtors' completion of payments under their plan. *In re Wolf,* 162 B.R. 98 (Bankr.D.N.J.1993) (holding that wholly unsecured lien of creditor did not have to be specifically provided for in chapter 13 plan because of lack of security and creditor's lien could be avoided). The Court will issue an order, if presented by the Taylors, upon completion of their plan, which can be filed in the appropriate recording office to release the lien of Empire from their real property.[3] This is proper under the Wolf case rational because Fleet

---

3. A lien release will only be proper upon the Taylors' payment in full of the allowed claim because the lien might survive in the event the Taylors' case were dismissed in the next three months.

filed an unsecured claim and was properly treated as an unsecured claimant.

### D.

Debtors' attorney seeks $750 for prosecution of this motion. Debtors do not object. The Court finds the fees to be reasonable and necessary.

### CONCLUSION

The objection of the Taylors to Claim No. 16 of Empire Mortgage, L.L.C., is due to be sustained and the claim should be disallowed in its entirety. The prior Claim No. 1 remains an allowed unsecured claim for $ 36,162.77. When that amount is paid, the claim will be paid in full and the debtors will be discharged from all further liability on the debt. THEREFORE IT IS ORDERED:

1. The objection of Frankie and Mary Taylor to Claim No. 16 of Empire Mortgage, L.L.C. is SUSTAINED and the claim is DISALLOWED in its entirety.

2. Franklin Anderson is awarded attorneys fees of $750 to be paid upon the filing of an appropriate proof of claim.