### In re Johnny L. VINCENT.

### No. 2:98–bk–20387M.

United States Bankruptcy Court,
E.D. Arkansas,
Eastern Division.

May 15, 2003.

James F. Valley, J. F. Valley, P.A., Helena, AR, for Debtor.

David D. Coop, N. Little Rock, AR, U.S. Bankruptcy Trustee.

## ORDER

JAMES G. MIXON, Chief Judge.

This matter is before the Court upon an objection by a creditor in this chapter 13 case to a proposed modification of the plan by Johnny Vincent ("Debtor"). The creditor objects on the basis that the modification does not pay the full amount of the creditor's allowed claim.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) & (0)(2000), and the Court has jurisdiction to enter a final judgment in this case.

The relevant facts pertain to the conflict between the amount listed on the creditor's amended proof of claim and the treatment accorded the claim under the Debtor's chapter 13 plan. On October 8, 1998, the Debtor filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. Schedule A listed a house located in Phillips County, Arkansas, which the Debtor valued at $28,500.00. The Debtor scheduled IMC Mortgage ("IMC") as a secured creditor holding a lien in the house mentioned above to secure a claim of $22,700.00.[1]

A plan of reorganization was attached to the original petition which provided for payments to be made in the sum of $930.00 monthly for a period of 60 months. The plan listed no long-term debts. The treatment of IMC's secured claim was to pay the value of the collateral listed at $22,700.00 in full over the life of the plan at the rate of $378.33 per month without payment of any interest.

On January 28, 1999, Wilson & Associates filed an entry of appearance on behalf of IMC. On March 15, 1999, IMC filed a pleading styled "Motion to Modify Plan" and on March 23, 1999, a motion for adequate protection. The motion to modify was treated as an objection to confirmation.

On April 22, 1999, the Debtor modified his plan to pay IMC's claim of $23,309.09 plus an arrearage of $544.00, but did not provide for payment of interest on the claim. On May 4, 1999, an order was entered submitted by IMC's counsel withdrawing the motion to modify plan, reciting that the Debtor had modified his plan to pay IMC's pre-petition arrearage claim at the rate of $46.00 per month and the ongoing mortgage payment at $477.65 a month.[2] Thereafter, IMC's claim of

---

1. IMC held a claim secured solely by a security interest in the Debtor's principal residence. The last payment on IMC's claim is due May 18, 2010. Therefore, it is a long-term claim as provided by 11 U.S.C. § 1322(c).

2. This amount was not the regular monthly mortgage payment as specified in the original promissory note. It is unclear from the plan whether the Debtor was including the arrearage payment as part of the monthly payment to IMC of $477.56 and if so, whether the monthly payment would decrease after the arrearage was paid and for how many months the Debtor intended to pay on IMC's claim.

$23,309.09, which did not include a claim for interest, was allowed by order dated May 12, 1999, and on June 4, 1999, the plan was confirmed.

Two years later, on May 22, 2001, IMF filed an amended secured claim in the amount of $30,449.06, and on June 11, 2001, the Debtor filed an objection to the claim as untimely and as being inconsistent with the previously filed claim. In connection with the Debtor's objection to claim, Fairbanks Capital Corporation, successor to IMC, ("Fairbanks") filed a motion to compel the Debtor to comply with discovery requests on September 12, 2001. That motion was set for hearing on October 5, 2001. The motion was granted by agreement, and an order was entered on October 9, 2001, which provided, in part, that Debtor "shall have until October 12, 2001, to serve undersigned counsel with responses to the Interrogatories or Fairbanks Capital Corporation shall be entitled to submit an ex parte Motion and Order in which Debtor's Objection to the [amended] claim filed by Fairbanks Capital Corporation on May 22, 2001, is overruled." (Court file, Order, Oct. 9, 2001 at 1.)

Fairbanks filed a motion on October 17, 2001, seeking the ex parte order overruling the Debtor's objection to the claim because the interrogatories were never answered. Accordingly, an order overruling the Debtor's objection was entered on October 23, 2001. An order allowing the amended claim was entered on May 24, 2001, without further objection by the Debtor. However, the Chapter 13 Trustee testified that her office did not change the payment amount due Fairbanks because the confirmed plan was never modified to address a different treatment of Fairbanks' claim.

On April 24, 2002, the Debtor sent notice to the Trustee of a proposed modified plan, which proposed to pay a lump sum of $17,336.56 to be used to pay the full unpaid balance of Fairbanks' original claim. Fairbanks objected to the modified plan, and it is that objection that is currently before the Court. Fairbanks argues that the modified plan should not be confirmed because it does not propose to pay the full amount of the allowed amended claim of $30,449.06.

In conjunction with its objection to modified plan, Fairbanks served the Debtor with "amended" requests for admission of fact on July 11, 2002. The Debtor never responded to the requests, and on August 22, 2002, Fairbanks filed a motion to have the requests for admission of fact deemed admitted pursuant to Federal Rule of Bankruptcy Procedure 7036. The motion to deem requests admitted was heard on March 4, 2003, and the Debtor offered no resistance to the motion. By Order entered April 8, 2002, these requests were deemed admitted. The only fact established by the requests for admission of fact not already established by other evidence is that the Trustee's case summary dated April 25, 2002, reflects that the base plan total amount is the sum of $78,115.96 and that the Debtor has only paid $70,611.41.[3]

In her argument to the Court on January 13, 2003, counsel for Fairbanks acknowledged that the modified claim for $30,449.06 was filed because both the confirmed plan and Fairbank's original claim made no provision for the payment of interest. The amended claim on its face shows that it includes some unearned interest which will accrue post-petition only

---

However, the amount of the debt, $23,309.09, clearly did not provide for interest.

**3.** Apparently, the Debtor paid the lump sum payment to the Trustee and the Trustee has disbursed it to Fairbanks.

if the plan is completed over the original 60 months, and the claim also includes interest accrued post-petition even though interest is specifically not provided for in the plan.

## DISCUSSION

■ An unappealed order confirming a chapter 13 plan generally is accorded *res judicata* effect as to all issues pertaining to the plan that were raised or could have been raised at confirmation *In re Andersen,* 179 F.3d 1253, 1258 (10th Cir.1999); *In re Szostek,* 886 F.2d 1405, 1408 (3d Cir.1989); *Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1054 (5th Cir.1987); 8 Collier on Bankruptcy ¶ 1327.02[1] (Alan N. Resnick & Henry J. Sommer, et al. eds., 15th ed. rev.2002).

■ One of the issues finally determined by an order of confirmation is payment of interest on a claim. *In re Pardee,* 193 F.3d 1083, 1086 (9th Cir.1999); *In re Szostek,* 886 F.2d at 1411–12; *In re Echevarria,* 212 B.R. 185 (1st Cir. BAP 1997), *aff'd,* 141 F.3d 1149, 1998 WL 166146 (1998); *In re Hebert,* 61 B.R. 44, 46–47 (Bankr.E.D.La.1986); 8 Collier on Bankruptcy at ¶ 1327.02[1][c]. *But see In re Lemons,* 285 B.R. 327, 333 (Bankr.W.D.Okla.2002)(sanctioning under Rule 9011 counsel of debtor seeking to discharge interest on student loans through the plan rather than through adversary proceeding).

■ IMC, represented by counsel, objected to confirmation of the original plan which resulted in an amended plan. The original plan and amended plan unambiguously provided that no interest would be paid on IMC's secured claim. The record is silent why Fairbanks agreed to this treatment of their claim because it was clearly entitled to interest. 11 U.S.C. § 1325(a)(5)(B)(2000). In light of Fairbanks' subsequent efforts to modify its claim to allow interest, an inference may be drawn that there was a mistake or misunderstanding on the part of Fairbanks' counsel at the time the plan was confirmed.

IMC's amended claim of $30,449.06 is not, in substance, an amended claim at all, but rather an attempted modification of the previously confirmed plan. The Debtor's objection to the amended claim would be sustainable because treatment of IMC's claim has already been determined by the final order confirming the plan and is *res judicata* on that issue. 8 Collier on Bankruptcy at. ¶ 1327.02[2]. *See, e.g., In re Taylor,* 280 B.R. 711 (Bankr.S.D.Ala.2001) (disallowing home mortgage creditor's amended proof of claim for interest on note when creditor previously failed to object to confirmation of Debtor's plan proposing to pay debt without interest).

■ However, the Debtor's objection to the amended claim was overruled as a sanction for failing to comply with an agreed discovery order of this Court. The claim was allowed by Court Order entered on May 24, 2001, in the amount of $30,449.06. Therefore, under these very unique circumstances, the objection to the Debtor's modified plan is sustained. The plan must pay IMC's claim of $30,449.06 in full and any unpaid balance will not be subject to the discharge provided in 11 U.S.C. § 1328 because the Debtor is precluded from objecting to the amended claim as a sanction for violating this Court's Order of discovery. Fed. R. Bankr.P. 7037(b). *See, e.g., In re Hutter,* 207 B.R. 981, 987 (Bankr.D.Conn.1997) (entering default judgment for trustee in adversary proceeding when defendant failed to comply with discovery).

IT IS SO ORDERED.