FILED

APR 23 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   EC-11-1669-MkDJu |
| CHARITY M. SEYMOUR, | Bk. No.   11-35650 |
| Debtor. | Adv. No.   11-02551 |
| CHARITY M. SEYMOUR, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| BANK OF AMERICA, N.A.; STEPHEN CHARLES FERLMANN, Chapter 7 Trustee, | |
| Appellees. | |

Argued and Submitted on March 22, 2013
at Sacramento, California

Filed – April 23, 2013

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

Appearances:   Appellant Charity M. Seymour argued on her own behalf; K. Lee Marshall of Bryan Cave LLP argued for Appellee Bank of America, N.A.

Before:   MARKELL, DUNN and JURY, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

**INTRODUCTION**

Debtor Charity Seymour ("Seymour")[1] commenced an adversary proceeding in her chapter 7[2] bankruptcy case seeking to enjoin Bank of America, N.A. and BAC Home Loan Servicing (jointly, "Bank of America") from foreclosing on her residence located in Stockton, California ("Property"). Bank of America moved to dismiss Seymour's adversary complaint under Civil Rule 12(b)(6). The bankruptcy court granted that motion and dismissed the adversary complaint without leave to amend. Seymour appealed the bankruptcy court's dismissal order. We hereby MODIFY the bankruptcy court's dismissal order to clarify that the adversary proceeding is dismissed based on Seymour's lack of standing, and we AFFIRM the dismissal order, as MODIFIED.

**FACTS**

In August 2006, Seymour borrowed $582,250 ("Loan") from Resmae Mortgage Corporation ("Resmae"). In exchange for the Loan, Seymour executed an Adjustable Rate Note ("Note") and a Deed of Trust ("Deed Of Trust") against the Property to secure her Loan obligations. The Deed of Trust was recorded in the Official Records of San Joaquin County on August 16, 2006. (Doc. No. 2006-175477). The Deed of Trust identified Seymour as the borrower, Resmae as the lender, Chicago Title Company as the

---

[1]Seymour also has been known as Charity Pantalion, but for ease of reference, we will refer to her herein only as Seymour.

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

trustee and Mortgage Electronic Registration Systems ("MERS") as beneficiary (solely as the nominee for the lender and its successor and assigns).

In June 2009, Quality Loan Service ("Quality") commenced foreclosure proceedings under the Deed Of Trust by recording a Notice of Default ("Notice Of Default") in the Official Records of San Joaquin County (Doc. No. 2009-097418).  The Notice Of Default indicated that Seymour had defaulted on her Loan obligations by not making her monthly Loan payments due on and after April 1, 2008.  Quality signed the Notice Of Default as the agent for MERS as nominee for Resmae.  Quality also recorded a Notice of Sale (Doc. No. 2011-001426), but the parties have indicated that the foreclosure sale has not yet occurred and that no sale date currently is scheduled.

In August 2009, in response to the commencement of foreclosure proceedings, Seymour filed a complaint ("District Court Complaint") in the United States District Court for the Eastern District of California ("District Court").  Seymour did not dispute that she had borrowed $582,250 from the original lender Resmae or that she had defaulted on her Loan payments.  In fact, the District Court Complaint acknowledged Seymour's receipt of the Loan proceeds and her execution of the Note and the Deed Of Trust in exchange for the Loan.  Nonetheless, Seymour alleged a variety of misconduct related to the origination of the Loan, its securitization, its servicing, and its enforcement.[3]

---

[3]The District Court Complaint identified nine causes of action: (1) violation of the Truth in Lending Act ("TILA"),
(continued...)

3

Seymour named, among many other defendants, Resmae, Wilshire Credit Corp. ("Wilshire") (which apparently serviced the Loan at the time), MERS, Merrill Lynch Mortgage Investors, Inc., and Merrill Lynch Investors Trust Series 2006 RM5 ("Trust") (which apparently claimed the Loan as part of a pool of mortgage backed securities) (collectively, "Lender And Servicer Defendants").

While the allegations of misconduct are wide-ranging, we are primarily concerned here with those against the Trust and its representatives asserting that they were not persons entitled to enforce the Note under California Comm'l Code § 3301.[4]  As stated in the District Court Complaint:

> On information and belief, Plaintiff alleges that Defendants are not "person entitled to enforce" the security interest under the Note and Deed of Trust as defined in California Commercial Code § 3301. Plaintiff alleges that Defendants sold their home loans to other financial entities, which "pooled" large numbers of loans, put them into trusts, and sold securities based on them.  Plaintiff alleges that the Defendants do not own the loan that is the subject of

---

[3](...continued)
15 U.S.C. §§ 1601, et seq.; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (3) violation of California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200, et seq.; (4) fraud; (5) breach of fiduciary duty; (6) negligence; (7) violation of Cal. Civ. Code § 2923.6; (8) violation of federal securities law; and (9) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code, §§ 1788, et seq.

[4]California Comm'l Code § 3301 specifies that a "Person entitled to enforce" ("PETE") a negotiable instrument includes: "(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c)" certain persons not in possession but nonetheless entitled to enforce the instrument under other provisions of the California Comm'l Code. See also Veal v. Am. Home Mortg. Serv., Inc. (In re Veal), 450 B.R. 897, 910-11 (9th Cir. BAP 2011)(discussing who generally qualifies as a PETE under each of these categories).

4

this action and are not entitled to enforce the security interest.

District Court Complaint (Aug. 17, 2002) at ¶ 27.  The District Court Complaint further alleged that the defendants attempted to enforce the Note and Deed Of Trust by commencing foreclosure proceedings against the Property, even though none of them qualified as a PETE.  As Seymour put it:

On information and belief, Plaintiff alleges that Defendants, in committing the acts alleged in this Complaint and in other cases, are engaging in a pattern of unlawful and illegal activity.  In pursuing the non-judicial foreclosure, Defendants represented that they have the right to payment under the note, payment of which was secured by the deed of trust.  Whereas, in fact, the Defendants were not in possession of the note and they were neither holders of the note nor non-holders of the note entitled to payment, as those terms are used in California commercial code section 3301 and 3309, and therefore they were proceeding to foreclose without rights under the law.  Further, Defendants added costs and charges to the payoff amount of the note that were not justified or proper under the terms of the note or law.

Id. at ¶ 36; see also id. at ¶ 29.

The Lender And Servicer Defendants moved to dismiss the District Court Complaint.  Their motions were heard by a magistrate, who issued Findings and Recommendations that determined among other things: (1) that all of Seymour's federal claims against the Lender And Servicer Defendants should be dismissed with prejudice,[5] and (2) that the District Court should

_____

[5]The District Court summarized the magistrate's grounds for dismissal as follows:

1) Plaintiff's service on all Defendants was defective, thus Defendants were entitled to dismissal; 2) the
(continued...)

5

decline to exercise supplemental jurisdiction over Seymour's state law claims. On June 23, 2010, the District Court issued an order ("District Court Dismissal Order") adopting the magistrate's Findings and Recommendations, granting the Lender And Servicer Defendants' dismissal motions, and dismissing these defendants with prejudice. On December 20, 2010, Seymour stipulated to dismissal of the remaining defendants ("Dismissal Stipulation"), which the District Court treated as a stipulation to dismiss with prejudice the entire remaining action and which it granted on that basis.

Seymour thereafter moved for relief from the dismissal of her District Court lawsuit under Civil Rule 60(b), which motion the District Court denied by order entered June 21, 2011 ("Order Denying Motion For Relief").[6]

---

[5](...continued)
district court had no authority to issue an order addressing any claims against Defendant ResMAE due to a permanent injunction imposed by a Delaware Bankruptcy Court prohibiting any claims against this Defendant after June 15, 2007; 3) Plaintiff's original complaint alleges RESPA violations against seven of the twelve Defendants; however, she provided no facts other than the conclusory allegation that Defendant Wilshire "acknowledged TILA and RESPA violations;" 4) Plaintiff alleged no facts related to any specific SEC violations; and 5) Plaintiff's TILA claims were not only filed beyond the TILA statute of limitations but Plaintiff also did not tender repayment of the amount advanced by the lender as required by TILA.

Order Denying Motion For Relief (Jun. 21, 2011) at 3:2-15.

[6]Seymour appealed the Order Denying Motion For Relief to the Ninth Circuit Court of Appeals. While not part of the bankruptcy court record, we note for background purposes only that the Court (continued...)

6

On June 24, 2011, Seymour commenced her chapter 7 bankruptcy case.[7] Shortly thereafter, she filed her adversary complaint against Bank of America. Seymour also filed a motion seeking a temporary restraining order to prevent foreclosure of the Property. Unlike her District Court Complaint, Seymour's adversary complaint lacked detail. On its face, it requested no damages and only sought to enjoin the foreclosure. It contained no distinct claims for relief, but instead contained only a handful of conclusory allegations referring to fraud, conspiracy and criminal negligence. But it also asserted that the Deed Of Trust was void based on the allegations set forth in the District Court Complaint.

In October 2011, Bank of America moved to dismiss the adversary complaint under Civil Rule 12(b)(6) (made applicable in adversary proceedings by Rule 7012). In its motion to dismiss, Bank of America in essence asserted that the Trust was the party entitled to enforce the Note and to foreclose on the Property under the Deed of Trust and that it was the successor servicing agent for U.S. Bank, the current trustee under the Trust.

---

[6](...continued) of Appeals summarily affirmed the District Court on November 14, 2011, holding that "the questions raised in this appeal are so insubstantial as not to require further argument." See Ninth Circuit Court of Appeals Dkt. No. 11-16770, Doc. No. 8.

[7]As her chapter 7 petition indicates, Seymour had filed a prior chapter 13 bankruptcy case on October 20, 2009 (E.D. Cal. Case No. 09-42699), and a prior chapter 11 bankruptcy case on January 25, 2011 (E.D. Cal. Case No. 11-21854). The dockets from these two prior cases indicate that the chapter 13 case was dismissed on March 4, 2010, and that the chapter 11 case was dismissed on June 1, 2011.

7

Bank of America further asserted that dismissal with prejudice was appropriate on the following grounds, among others:

- Based on principles of comity and finality of judgments, this Court should dismiss the current action because a previously-filed civil foreclosure action and 9th Circuit appeal are already pending, both of which seek to litigate the same issues against substantially the same defendants as are at issue in this action;

- Debtor seeks to challenge the foreclosure without alleging tender of the unpaid debt;

- Debtor's claim for fraud fails because it is time barred, it fails to allege a special or fiduciary relationship between Debtor and Defendants, and Debtor fails to allege the circumstances of the supposed fraud with the requisite particularity under FRCP 9(b);

- Debtor's claim for "conspiracy" fails because the allegations of conspiracy lack specificity and fail to allege any acts against [Bank of America];

- Debtor's Adversary Complaint otherwise fails to allege facts upon which relief can be granted.

Mem. Of Points & Authorities (Oct. 3, 2011) at 2:9-20.

In support of its dismissal motion, Bank of America filed a request for judicial notice, which included the following documents:

1. A copy of the Note, showing on its face an indorsement of the Note by Resmae and made payable to "U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as successor by merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-RM5";

2. A copy of the Deed Of Trust;

3. A copy of an assignment of the Deed Of Trust from MERS as nominee for Resmae to "U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as successor by merger to LaSalle Bank, N.A. as Trustee for the MLMI

8

Trust Series 2006-RM5";

    4.   A copy of the Notice Of Default;

    5.   A copy of the Notice Of Sale;

    6.   A copy of the bankruptcy court's minute entry explaining its reasoning for denying Seymour's motion to extend the automatic stay pursuant to § 362(c)(3)(B) and (C);[8]

    7.   A copy of the District Court Dismissal Order;

    8.   A copy of the Order Denying Motion For Relief; and

    9.   A copy of the District Court Complaint.

Seymour filed a late response to the dismissal motion. In it, she did not do much to oppose Bank of America's asserted grounds for dismissal. Seymour merely reiterated her belief that the Note and Deed of Trust were void based on fraud, violations of TILA "and by operation of law." But she did indicate a desire to file an amended adversary complaint in order to address the alleged effect of her chapter 7 bankruptcy case on the Deed Of Trust. Citing § 506(d), Seymour suggested that her discharge, her scheduling Bank of America as an unsecured creditor and her exemption claim relating to the Property all worked in concert to invalidate the lien arising from the Deed Of Trust.

Without holding a hearing, the bankruptcy court granted Bank of America's dismissal motion without leave to amend. The court issued a minute entry on November 9, 2011, setting forth its reasoning. The bankruptcy court held that Seymour lacked

---

[8]Debtor filed a motion to extend the automatic stay under § 362(c)(3)(B) and (C) because the automatic stay in her chapter 7 case automatically terminated pursuant to § 362(c)(3)(A) as a result of her prior chapter 11 case.

standing to prosecute the adversary complaint. As the bankruptcy court explained it, the adversary complaint concerned claims that arose prior to the filing of her bankruptcy case. Consequently, those claims were property of her bankruptcy estate, and hence they only could be pursued by her chapter 7 trustee.

The bankruptcy court further opined that it lacked subject matter jurisdiction over the adversary complaint. According to the court, the resolution of the claims stated in the adversary complaint "could not conceivably have any effect" on the administration of the bankruptcy estate because Seymour already had received her discharge and the chapter 7 trustee already had issued a report of no distribution.[9]

The bankruptcy court alternately held on the merits that, in light of the District Court's disposition of the District Court action, Seymour was barred by claim preclusion from prosecuting her adversary complaint, which was based on alleged infringement of the same rights as the District Court action, arose from the

---

[9]We are perplexed by the bankruptcy court's ruling on subject matter jurisdiction. The record reflects that Seymour never scheduled the claims asserted in her adversary complaint as assets of the bankruptcy estate, so these assets never were administered. As such, and regardless of their value, they remained property of the bankruptcy estate even after the chapter 7 trustee issued his report of no distribution. See Cusano v. Klein, 264 F.3d 936, 945-48 (9th Cir. 2001). Additionally, there is nothing in the record indicating that the chapter 7 trustee ever considered whether Seymour's claims had any value to the estate. Thus, we have trouble discerning how and why the bankruptcy court concluded that the claims were of no consequence to Seymour's bankruptcy case. In any event, because we are affirming the bankruptcy court's ruling based on Seymour's lack of standing, we have no need to further discuss the issue of subject matter jurisdiction.

10

same transaction or series of transactions concerning the Note and the Deed Of Trust, and relied upon essentially the same allegations of misconduct. The bankruptcy court further ruled that the dismissal of the District Court action was a final ruling on the merits and that the party against whom claim preclusion was invoked – Seymour – was the same in both lawsuits, and consequently all of the factors for application of claim preclusion had been met.

Finally, the bankruptcy court concluded it should deny Seymour leave to amend because any attempt at amendment would have been futile. As the bankruptcy court put it:

> Amendment of the complaint would be futile. The principle of claim preclusion will apply regardless of what other facts the plaintiff might allege with regard to the circumstances of the making and servicing of the loan. There is no set of circumstances the plaintiff might allege that would support a claim that any of the events in her underlying bankruptcy case affects the validity or extent of the defendant's lien. Finally, this court simply has no jurisdiction to consider the plaintiff's claims against the defendant, and the plaintiff has no standing to pursue them. Thus, any amendment of the complaint would be futile, and the court will grant the defendant's motion without leave to amend.

Minute Entry (Nov. 9, 2011) at p. 3.

On November 14, 2011, the bankruptcy court entered its minute order dismissing the adversary complaint without leave to amend, and Seymour timely filed a notice of appeal on November 28, 2011.

**JURISDICTION**

Subject to the standing discussion set forth below, the bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (K). We have jurisdiction under 28 U.S.C.

11

§ 158.

**ISSUES**

1. Did the bankruptcy court err in concluding that Seymour lacked standing to prosecute the adversary complaint?

2. Did the bankruptcy court err in denying Seymour leave to amend?

**STANDARDS OF REVIEW**

The standing issue is subject to de novo review. <u>See</u> <u>Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc.</u> <u>(In re Palmdale Hills Prop., LLC)</u>, 654 F.3d 868, 873 (9th Cir. 2011); <u>Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)</u>, 450 B.R. 897, 906 (9th Cir. BAP 2011).

The bankruptcy court's dismissal without leave to amend also is subject to de novo review. <u>See</u> <u>Intri-Plex Techs., Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056 (9th Cir. 2007) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

**DISCUSSION**

**A. Seymour's standing**

"Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" <u>In re Veal</u>, 450 B.R. at 906 (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975)). Constitutional standing requires injury in fact, causation, and redressability. Doubtlessly, Seymour met the minimal standards for constitutional standing. Seymour alleged that she was being injured by the foreclosure proceedings and related conduct. In addition, the relief Seymour sought in

12

her adversary complaint – an injunction of the foreclosure proceedings – would have remedied her alleged injuries. <u>Cf.</u> <u>In re Veal</u>, 450 B.R. at 906.

However, the existence of constitutional standing does not end our standing analysis. Seymour also needed to demonstrate that she was asserting her own legal rights and not those belonging to others. <u>Id.</u> at 907 (citing <u>Sprint Commc'ns Co., LP v. APCC Servs., Inc.</u>, 554 U.S. 269, 289 (2008)). This aspect of standing is known as the doctrine of third party standing. Strictly speaking, it is not jurisdictional but rather is a judicially self-imposed prudential limitation on federal courts' exercise of jurisdiction. <u>See</u> <u>Los Angeles v. County of Kern</u>, 581 F.3d 841, 845 (9th Cir. 2009).[10]

Here, Seymour's adversary complaint sought to assert claims that arose before her chapter 7 bankruptcy filing. Even though Seymour did not schedule her claims as assets of the bankruptcy estate, her claims nonetheless became estate property. <u>See</u> § 541(a); <u>McGuire v. United States</u>, 550 F.3d 903, 914 (9th Cir.

[10]Another aspect of prudential standing doctrine is bankruptcy appellate standing, which requires an appellant to show that he or she has been "directly and adversely affected pecuniarily" by the bankruptcy court's decision. <u>See</u> <u>In re Palmdale Hills Prop., LLC</u>, 654 F.3d at 874. To satisfy bankruptcy appellate standing, an appellant typically must show that the order on appeal diminished its property, increased its burdens, or detrimentally affected its rights. <u>See</u> <u>Fondiller v. Robertson (In re Fondiller)</u>, 707 F.2d 441, 442 (9th Cir. 1983). On this record, Seymour's potential residual interest in the estate's assets appears sufficient to establish that she was a "person aggrieved" by the bankruptcy court's dismissal order. Accordingly, we will not dispose of this appeal on bankruptcy appellate standing grounds.

13

2008); Rosner v. Worcester (In re Worcester), 811 F.2d 1224, 1228 (9th Cir. 1987); see also Goodwin v. Mickey Thompson Entm't Grp., Inc. (In re Mickey Thompson Entm't Grp., Inc.), 292 B.R. 415, 421 (9th Cir. BAP 2003) (identifying trustee's settlement of debtor's prepetition causes of action against third party as a sale of estate property).

The Bankruptcy Code requires a chapter 7 trustee to "collect and reduce to money" all property of the estate. § 704(a)(1). Absent abandonment, this duty extends to pre-petition claims against third parties. See id.; § 554(a). Furthermore, unless and until a chapter 7 trustee abandons them, a debtor's unscheduled claims continue to be property of the estate. See § 554(c), (d); Cusano, 264 F.3d at 945–46. The Bankruptcy Code designates the trustee as the estate's representative and authorizes the trustee to sue and be sued in that capacity. § 323; Spirtos v. One San Bernardino County Super. Ct. Case (In re Spirtos), 443 F.3d 1172, 1175 (9th Cir. 2006). Thus, generally speaking, only the trustee has standing to prosecute claims for relief that are estate property. McGuire, 550 F.3d at 914; In re Spirtos, 443 F.3d at 1175–76; see also Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352–53 (1985).

Here, Seymour has not disputed that her claims arising from the Loan are estate property. Instead, she attempts to characterize her lack of standing as a "ministerial issue," and she argues that she can "cure" her failure to schedule her claims and seek chapter 7 trustee abandonment thereof at any time, so her adversary complaint should not have been dismissed on standing grounds. See Aplt. Opn. Brf. (Mar. 22, 2012) at

14

17:6-10. We disagree. Based on the analysis set forth above, we hold that Seymour's standing was a foundational requirement she failed to meet and that the bankruptcy court properly dismissed Seymour's adversary complaint for lack of standing. See Hansen v. Finn (In re Curry & Sorensen, Inc.), 57 B.R. 824, 828-29 & n.4 (9th Cir. BAP 1986) (dismissing complaint without prejudice based on plaintiff's lack of standing).

**B. Leave to amend**

When reviewing the dismissal of a complaint like Seymour's – a complaint based on unscheduled pre-petition claims – we often limit our decision to an analysis of the standing issue. See, e.g., Lopez v. JPMorgan Chase Bank, N.A (In re Lopez), 2012 WL 603675 (9th Cir. BAP 2012); Diaz v. Washington Mutual Bank (In re Diaz), 2011 WL 5838568 (9th Cir. BAP 2011); Edwards v. Wells Fargo Bank (In re Edwards), 2011 WL 4485560 (9th Cir. BAP 2011).

Here, however, Seymour in essence has argued that the bankruptcy court should have allowed her to amend her complaint to state a claim based on post-petition events. Seymour argues that certain post-petition events rendered the Deed Of Trust void. Seymour points to the fact that she scheduled the Loan as an unsecured debt, the fact that no one filed a proof of secured claim based on the Loan, and the fact that she has received a chapter 7 discharge of her personal liability. According to Seymour, these facts when considered together establish the voidness of the Deed Of Trust. Citing § 506(d), Seymour essentially contends that the claim secured by the Deed Of Trust was disallowed (and hence the lien voided) because the claim was

15

administered in her bankruptcy case as an unsecured claim and discharged.

Seymour misconstrues the applicability of § 506(d). She conflates the effect of a discharge, which is governed by § 727(b), with the effect of disallowance, which is governed by § 506(d). Seymour also relies upon Dewsnup v. Timm, 502 U.S. 410 (1992), but Seymour's reliance on Dewsnup is misplaced. Dewsnup actually discredits Seymour's argument. Dewsnup makes clear that, unless grounds for disallowance of the secured creditor's claim are established pursuant to § 502(b), a secured creditor's lien generally passes through a chapter 7 debtor's bankruptcy unaffected. See id. at 415-18. Other cases have confirmed this point and have emphasized that secured creditors generally are not required to assert their secured claim in the debtor's bankruptcy case in order for their lien to ride through the bankruptcy case unaffected. See, e.g., Brawders v. County of Ventura (In re Brawders), 503 F.3d 856, 867-68 (9th Cir. 2007) ("Absent some action by the representative of the bankruptcy estate, liens ordinarily pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case, or files an unsecured claim when it meant to file a secured claim, or files an untimely claim after the bar date has passed."); Bisch v. United States (In re Bisch), 159 B.R. 546, 549-50 (9th Cir. BAP 1993).

Accordingly, we reject Seymour's argument that the bankruptcy court should have granted her leave to amend her adversary complaint so that she could allege that the Deed Of Trust was rendered void based on post-petition events. The

16

bankruptcy court did not err in denying leave to amend for this purpose because any such amendment would have been futile. See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009). Any claim for relief based on such allegations would have been meritless.

In her opening appeal brief, Seymour further argues that the bankruptcy court also should have granted her leave to amend so that she could attempt to state a claim based on the alleged fact that neither Bank of America nor the Trust were PETEs. Citing In re Veal, she essentially contends that only PETEs are entitled to enforce a Deed Of Trust securing a promissory note. We generally note that Seymour's contention is not supported either by In re Veal or by California law, which governs the enforcement of the Deed Of Trust.[11] See In re Veal, 450 B.R. at 917 n.34; Cal. Civ. Code § 2924(a)(1) (authorizing "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" to commence foreclosure proceedings); § 2924b(b)(4) (stating that a "'person authorized to record the notice of default or the notice of sale' shall include an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee.").

We decline to further discuss the PETE issue for two reasons. First, it is unnecessary for us to reach the PETE issue in light of our disposition of this appeal based on Seymour's

[11]The Deed Of Trust states that it is to be governed by "federal law and the law of the jurisdiction in which the Property is located." In this instance, the Property is located in California.

17

lack of standing. And second, Seymour did not raise the PETE issue either in her adversary complaint or in her opposition to Bank of America's dismissal motion. Generally, we will not consider issues raised for the first time on appeal. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009); Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 984 (9th Cir. 2001); Golden v. Chicago Title Ins. Co. (In re Choo), 273 B.R. 608, 613 (9th Cir. BAP 2002).[12]

**CONCLUSION**

Based on the foregoing analysis, we hereby MODIFY the bankruptcy court's dismissal order to clarify that the adversary proceeding is dismissed based on Seymour's lack of standing, and we AFFIRM the dismissal order, as MODIFIED.[13]

---

[12]In her opening appeal brief, Seymour repeatedly refers to the PETE issue as a challenge to Bank of America's standing. We disagree. Seymour commenced an adversary proceeding in the bankruptcy court seeking to prevent Bank of America from enforcing the Deed Of Trust. As Seymour directly sought relief against Bank of America, it had standing to defend against Seymour's adversary complaint. Put another way, Bank of America's standing was not called into question by Seymour's filing of her adversary complaint; the standing inquiry ordinarily focuses on the plaintiff's standing to seek relief from the court and not on the defendant's standing to oppose such relief. See generally de la Salle v. U.S. Bank, N.A. (In re de la Salle), 461 B.R. 593, 604 (9th Cir. BAP 2011) (holding that debtors' filing of claim objection and adversary proceeding against bank challenging bank's entitlement to enforce deed of trust did not undermine the bank's standing to oppose debtors' requested relief or to be heard on other issues in the debtors' bankruptcy case).

[13]At various times during the course of this appeal, both parties have requested that we consider additional authorities, additional documents and additional issues they had not formerly raised either in the bankruptcy court or on appeal. We hereby
(continued...)

18

---

[13](...continued) DENY all such requests, both as untimely and as irrelevant to our disposition of this appeal.